## CHEATHAM *vs.* LORD.

The verdict in this case was contrary to law, and a new trial should have been granted on motion.

(a) This case differs from that of *Ch ppell vs. Boyd,* 61 *Ga.* 666.

November 3, 1887.

Husband and Wife. Vendor and Purchaser. Trusts. Before Judge LUMPKIN. Washington Superior Court. March Term, 1887.

Reported in the decision.

R. W. CARSWELL; H. D. D. TWIGGS; O. H. ROGERS, for plaintiff in error.

EVANS & EVANS; F. H. SAFFOLD, for defendant.

BLANDFORD, Justice.

J. F. Lord, the husband of Ella E. Lord, bargained with Cheatham for the purchase of a house and lot in the town of Davisboro. Lord stated to Cheatham that he expected to sell to one Jordan a house and lot which he owned in the village of Riddleville, and intended to give his wife the money arising from the sale thereof, and that that would enable him to make the first payment on the house and lot purchased from Cheatham. He also stated to Cheatham, that when the deed was made to this house and lot in Davisboro, it was to be made to his wife, Ella E. Lord. He gave his notes for the purchase money, as follows : One note for $500, due December 25th, 1880, and three notes for $666.66 each, falling due respectively on the first of January, 1882, the first of January, 1883, and the first of January, 1884. Cheatham executed to Lord a bond for title, conditioned to make title to this property when these notes were paid. Lord sold the house and lot in Riddleville and gave his wife the money. She afterwards gave it back to him, and out of that money he made the first payment of $500. Lord and his wife removed from Riddleville to Davisboro and went into the house purchased from Cheatham, and the wife there kept a boarding-house. From the proceeds of this boarding-house she turned over to her husband sufficient money to make the payments falling due on the first of January, 1882, and the first of January, 1883, of $666.66 each. It was shown, by the testimony of Mrs. Lord, that she got most of the supplies to run this boarding-house from her husband, who was keeping a little store in Davisboro ; and that she bought part of the supplies, such as chickens, eggs, etc., from others with money arising from the boarding-house business.

In 1883 Lord failed in business. He transferred to his wife this bond for title from Cheatham. The last of the notes given by Lord to Cheatham became due and was

not paid, and Cheatham sued Lord upon the same, and filed in the office of the clerk of the superior court, under the code, a deed to Lord for the house and lot; judgment was obtained against Lord, and was levied on the house and lot, which were sold, and a sufficient sum thereby realized to satisfy the judgment, and a balance was left in the hands of the sheriff. Before the sale took place, Mrs. Lord requested Cheatham to make a deed to one Brown ; which he agreed to do upon certain terms,—that is to say, that he should retain a portion of the money to save himself harmless from certain creditors of Lord. Mrs. Lord did not agree to this, and no such deed was made.

Upon this state of facts, Mrs. Lord brought her action against Cheatham to recover the amount which she alleges was paid out of her separate estate by her husband to Cheatham ; and upon the trial of the case, the jury found a verdict for Mrs. Lord for $1,779.20. A motion for a new trial was made by Cheatham, upon the ground that the verdict was contrary to law and to the evidence. The court below refused to grant a new trial. A different judge presided on the motion for a new trial from the judge who tried the case. The refusal to grant a new trial is excepted to by Cheatham, and the same is assigned as error.

We have examined the cases decided by this court, and find no adjudication or decision of any case like this. The nearest to it is the case of *Chappell vs. Boyd*, 61 *Ga.* 666. But in that case, it will be observed, the husband took the money of his wife which belonged to her separate estate, without her knowledge and consent, and paid it as part of the purchase money of a lot of land which he had bought, and to which he obtained a bond for title. In that case he made a deed to his wife. The court held that, under these facts, the wife could recover back the money. But in the present case, it will be observed that Mrs. Lord knew from the start that her husband was to buy this property from Cheatham in the way it was bought, and

was to use her money—her separate estate money, as she calls it—in payment for the property; and knew that she was to have the deed to the property when the money was paid. We think, under the circumstances, that if all the money had been paid by Lord to Cheatham for this property, and Cheatham had executed a deed to Lord, a trust would have resulted to Mrs. Lord, and she being *sui juris* and in possession of the property, the trust would have executed itself, and she would have had the title to the property. It would have been her property. Under section 2314 of the code and the subsections thereto, we think this result would have taken place. In this whole transaction Lord was but the agent of his wife. The understanding between them at the start was, that he was to buy the property in the way in which he did buy it, and that she was to have the title to it, according to the testimony introduced by her on the trial of the case. If the testimony of Cheatham is to be relied upon, he (Cheatham) knew nothing about the money being the separate estate of the wife when it was paid to him. But it does not make any difference, in the view we take of it. Taking as true the testimony introduced by the defendant in error, Mrs. Lord, we think she had no right to recover from Cheatham this money which had been paid by her husband to Cheatham for property which was to be hers. Therefore we think the verdict of the jury in this case was without evidence to support it, and was contrary to law, and that the court erred in refusing to grant a new trial.

Judgment reversed.