Thompson & King *et al. v.* Atwater *et al.*

Where a vendor sells land, and the vendee pays a part of the purchase money and then dies, the only interest his administrator can sell is that which the vendee had in the land as represented by the amount of purchase money he paid  Nor can the administrator and vendor, when the land is exposed for public sale, privately agree that it shall be sold and the proceeds applied first to the payment of balance of purchase money, and that the interest of the vendor shall be sold provided he receives that balance. The vendor may consent for the whole interest in the land to be sold, but notice of this consent must be publicly given at the sale, that the property may bring its full value. If it be shown that such public notice of consent was given, or that the land brought its full value at the sale, the vendor would be entitled to be paid from the proceeds thereof the balance of purchase money, after claims of higher dignity were discharged, in preference to other creditors; else he would rank as a general creditor of the estate, holding a promissory note.

January 15, 1890.

Equity. Vendor and purchaser. Administrators. Sales. Contracts. Notice. Title. Debtor and creditor. Before Judge Boynton. Upson superior court. January term, 1889.

Bill of interpleader by Lewis, administrator of Murphey, against Atwater and others, creditors of the deceased, who in his lifetime purchased land of Atwater, took bond for titles, paid part of the purchase price and remained in possession until his death, after which complainant, by leave of the court of ordinary and after legal advertisement, publicly put up and sold the land. Atwater and the other creditors answered, claiming payment from the fund thereby raised. In answer to questions submitted to them, the jury found, *inter alia*, that Atwater consented for the administrator to sell the land with the agreement or understanding that Atwater was to be paid the balance due him from the proceeds of the sale, in preference to other creditors, and that the land was sold with this understanding between him and the administrator, and with the further understanding between them that the law would direct his claim to be first paid. No condition of this sort was announced at the sale. The court decreed that after payment of costs, advertising and commissions, the balance of the fund be applied to Atwater's claim. The other creditors excepted.

J. A. Cotten and Claud Worrill, for plaintiffs in error.

J. A. Hunt, Tisinger & Clay and Allen & Sandwich, *contra.*

Simmons, Justice.

Under the facts found by the jury in this case, we think the decree rendered by the trial judge was erroneous. Where a vendor sells land to a vendee, and the vendee pays a part of the purchase money and then

dies, and there is an administration on his estate and the administrator applies for leave to sell the land purchased from the vendor by the vendee, the only interest which the administrator can sell is the interest which the vendee had in the land, as represented by the amount of purchase money he had paid thereon. Nor can the administrator and vendor, when the land is exposed for sale at public outcry, enter into a private agreement between themselves that the land shall be sold and the proceeds thereof first applied to the payment to the vendor of the balance of the purchase money, and that the interest of the vendor shall be sold provided he receives said balance due on the land. This seems to have been the understanding or agreement between Atwater and Lewis, the administrator, in this case as found by the jury. We think that the vendor can consent to the whole interest in the land being sold by the administrator, but that notice of his consent must be given publicly at the time of the sale in order to put bidders and purchasers upon notice of the extent of the interest being sold, so that the property may bring its full value. In this case no such public notice of the consent of the vendor was given, and it is possible that the people who attended the sale, knowing the law to be that the administrator could only sell the interest which Murphey had acquired in the land by payment of a part of the purchase money, may have refused to bid, not wishing to purchase property when they could not get a complete title thereto. The purchaser of property thus sold by the administrator only purchases the interest which the deceased had acquired in the land by his partial payment of the purchase money. The vendor, having the title of the land still in him, has the right to look to it for the payment of the balance of the purchase money, and would be entitled to sell the same under proper proceedings to realize that balance.

It appearing from the record in this case that Atwater, the vendor, did not consent for his interest in the land to be sold except upon certain conditions, and it appearing that those conditions were not announced publicly to bystanders and bidders, and that this was only a private agreement between him and the administrator, we do not think, under the facts disclosed by the record, that he should have been preferred in his claim to other creditors, but that he should only have been allowed to prorate with them as a general creditor. We therefore send the case back for a new trial; and if upon this new trial, Atwater, the vendor, can establish to the satisfaction of the jury that he publicly consented that his interest in the land might be sold, and that the purchaser thereof should receive his title as well as the administrator's, we think he would be entitled to have the balance of his purchase money paid after the debts of a higher dignity were first paid off and discharged. If he cannot establish this proposition, then if he can show that, notwithstanding he did not consent publicly that his title and interest in the land should be sold, the land brought its full value, we think he would be entitled to have the balance of his purchase money paid, after claims of a higher dignity were discharged, in preference to other creditors, because if the land brought its full value no one has been injured. If he can establish either of these propositions to the satisfaction of the jury, then the decree should be in his favor as above specified, and the court should also decree that he make the purchaser at the administrator's sale a title to the land, and that the administrator surrender the bond for titles to Atwater. If he fails to establish either one or the other of these propositions, then, in our opinion, he should be put in the decree in the rank of a general creditor holding a promissory note.

*Judgment reversed.*