29452. CUBINE, administrator, *v.* CUBINE *et al.*

DECIDED FEBRUARY 28, 1942.

*Wright & Willingham, Rosser & Rosser,* for plaintiff in error.
*S. W. Fariss, Maddox & Griffin,* contra.

FELTON, J. Certain legatees of the will of Mrs. Mary L. Cubine and a sole heir at law of a deceased legatee cited R. D. Cubine, as administrator de bonis non cum testamento annexo, for a settlement and accounting. The case was appealed to the superior court of Walker County and the judge sustained certain demurrers to the response of the administrator and rendered a final judgment in favor of the petitioners. The administrator excepts to the final judgment and to the sustaining of the demurrers to his response.

The administrator's response as amended alleged that under proper court order he exposed certain land of the estate for sale as provided by law; that the property was sold at public outcry at and for the sum of $3800, which was its full value; that the land at the time of the sale was subject to an indebtedness due the Federal Lank Bank of Columbia secured by a security deed executed by Mary L. Cubine in her lifetime, upon which there was a balance still due of $2332.83; that when the land was offered for sale at public outcry the announcement was made by the auctioneer that the land would be sold free from any claim of the Federal Land Bank; that the announcement was made openly and expressly at the beginning of the sale in such a way that all prospective bidders and parties at interest who were present could hear and understand it. Respondent prayed that he be authorized to apply a sufficiency of the balance in his hands to the payment of the

amount due the Federal Land Bank. The demurrer raising the only question for decision was to the effect that the response did not allege that the Federal Land Bank agreed or consented that the land be sold free from its claim. The contention of the legatees is that since the Federal Land Bank did not consent to a sale of its title the administrator could sell nothing but the equity, and that under the rule of caveat emptor the purchaser bought only the equity of redemption. The administrator contends that if the land brought its full value, in equity and good conscience the proceeds of the sale should be used toward the discharge of the debt to the Federal Land Bank. It may be well at the outset to eliminate confusing and collateral issues. We are passing on the ruling on the one issue raised by the demurrer. The record does not show who bought the land, and there is no issue as to the good faith of the administrator in making the sale or otherwise.

The case of *Thompson* v. *Atwater*, 84 *Ga.* 270 (10 S. E. 718), while not involving identical facts with those in this case, furnishes guideposts which we think will lead unerringly to a correct conclusion in this case. An administrator, as such, and acting under orders from the court of ordinary, has no power or authority to act as agent for a party owning the title to property for the purpose of securing a debt, the equity in which he is authorized to sell as representative of the estate represented. If he sells such title he necessarily does so as agent of the holder of the title and not as agent of the estate. The case above cited is clearly authority for the proposition that such a holder may authorize the sale of such title and that the sale under such authority under certain conditions is valid and binding on all parties. These conditions are, that the fact of the title-owner's consent to the sale of his title be publicly announced at the sale, so that the prospective purchasers will know what is being sold and whether there are any conditions attached to the consent that the owner's title be sold. From the case cited we draw the following deductions: (1) if the title holder consents to the sale, and the full details of the consent are announced at the sale, the administrator may sell the whole property and convey or cause to have conveyed the absolute title thereto, assuming that the estate owned the equity, and this whether the land sold for its full value or not; (2) that the administrator sells, so far as the legal title is concerned, as agent of the holder con-

senting thereto; (3) that if the administrator assumes to sell the title without authority from the holder he assumes to act as agent of the holder and not of the estate, and if the property sells for its full value the holder of the legal title may ratify the sale of his title and claim the proceeds in the hands of the administrator. It seems necessarily to follow as a matter of equity and good conscience, as well as logic, that when land sells under the circumstances alleged in the administrator's response in this case, and the purchaser pays to the administrator the amount due on the security deed, the administrator holds the money in trust for the purchaser to be applied to the payment of the debt secured by the title, and that if the title holder repudiates the transaction and exercises its right to proceed against the land, the administrator is accountable to the purchaser for the amount he has paid for the legal title. If the property sold for its full value the legatees would not be hurt, because if the equity alone had been sold they would not have received more than they will now receive after the Federal Land Bank has been paid. This assumes, of course, that the land sold for its full value, a fact taken to be true on demurrer. The court erred in sustaining the demurrer to that part of the response indicated, and in entering final judgment ordering the administrator to apply the proceeds of the sale of the legal title to the land according to the terms of the will of the deceased rather than toward the payment of the debt of the Federal Land Bank.

*Judgment reversed. Stephens, P. J., concurs Sutton, J., concurs in the judgment.*