## LOWENSTEIN *v.* MEYER.

1. A bartender, whose duties are mainly manual, and who is also required to keep books as a part of his duties, is a laborer within the meaning of the law creating a lien in favor of laborers, for their labor, upon the property of their employers.

2. When a debtor who is liable on more than one account to the same creditor makes payments to the creditor without directing how the payments are to be applied to the various debts, it is the right of the creditor to apply the payments to the oldest claim.

3. When a wife purchases from her husband property upon which there is a valid subsisting lien created by the husband, the agreement by the wife to pay the amount secured by the lien, in order to obtain an unencumbered title to the property, is not such an assumption by her of her husband's debt as is prohibited by law.

4. The evidence was conflicting, but was sufficient to sustain the verdict ; and no error of law appears requiring a reversal of the judgment refusing to grant a new trial.

Argued January 11,—Decided February 6, 1902.

Foreclosure of laborer's lien.   Before Judge Bennet.   Glynn superior court.   February 2, 1901.

*Owens Johnson* and *Ira E. Smith,* for plaintiff in error, cited, on the proposition that the plaintiff below was not entitled to a laborer's lien: 63 *Ga.* 172 ; 68 *Ga.* 659 ; 73 *Ga.* 234 ; 98 *Ga.* 249 ; 99 *Ga.* 250 ; 108 *Ga.* 411 ; Id. 794 ; 110 *Ga.* 326.   On the proposition that the defendant's undertaking to pay the debt was not valid: Civil Code, §§ 2474, 2488, 5790 ; 80 *Ga.* 620 ; 92 *Ga.* 327 ; 96 *Ga.* 684 ; Id. 566 ; 98 *Ga.* 428 ; Id. 43 (3) ; Id. 667 ; 103 *Ga.* 745 ; 106 *Ga.* 238 ; 107 *Ga.* 804 ; 110 *Ga.* 376 ; 112 *Ga.* 330.

*D. W. Krauss,* contra, cited, as to right to laborer's lien: Civil Code, §§ 2792, 2816 ; 63 *Ga.* 172, and cases therein cited ; 98 *Ga.* 249 ; 99 *Ga.* 250.   As to defendant's undertaking to pay the debt: 78 *Ga.* 250 ; 96 *Ga.* 568 ; 98 *Ga.* 667 ; 106 *Ga.* 245.

Lewis, J.   Meyer brought suit in Glynn superior court against Mrs. Viola Lowenstein, to foreclose a laborer's lien for work done by the plaintiff while in the employment of the defendant as a bartender.   The defendant filed a counter affidavit, and the issue thus formed was submitted to a jury, who returned a verdict in favor of the plaintiff for the full amount sued for.   The defendant made a motion for a new trial, which was overruled, and she excepted.

1. It appeared from the evidence that the duties of the plaintiff required him to attend the bar, wash bottles, sweep out the barroom, unpack goods, keep the books, and do anything else that was required of him.   The performance of these duties would clearly entitle him to a laborer's lien ; and the fact that, in addition to his manual labor, he was required to keep books, would not defeat his right to foreclose his lien as a laborer.   *Oliver* v. *Boehm,* 63 *Ga.* 172.

2, 3.   It was claimed by the defendant that she had paid the plaintiff in full for all work which he had done for her ; and considerable evidence was introduced to show that the plaintiff had been paid various sums for his work from time to time.   It was in evidence, however, that some time previously to the time when Meyer went to work for Mrs. Lowenstein, he had done work for her

husband, Gus Lowenstein, for which he was not paid; that he had instituted proceedings to foreclose his laborer's lien against Gus Lowenstein, but that, at the solicitation of Mrs. Lowenstein and upon her promise to pay the amount of his claim against Gus Lowenstein and to give him employment in the new business, he withdrew the foreclosure proceedings and went to work for Mrs. Lowenstein. He admitted that certain payments had been made to him by Mrs. Lowenstein, but claimed that they had been applied to the debt incurred by Gus Lowenstein, and that he was still due the amount sued for as remuneration for his services rendered the defendant. The court charged the jury: "If you find that at that time the plaintiff had an actual, subsisting, and valid laborer's lien against this property — the property the defendant purchased formerly belonging to her husband, Gus Lowenstein; that the plaintiff had engaged a lawyer to foreclose that lien and assert his right thereunder; that he went to the defendant, Mrs. Viola Lowenstein; that she was then negotiating for the purchase of this property; that she recognized this claim of lien upon the part of the plaintiff, and agreed that if he would not institute proceedings to foreclose his lien, so that she might obtain the property free and unencumbered by such lien, she would pay him the amount thereof, then the court charges you that that would be an original undertaking on her part, and would not be an assumption of the debt of the husband by the wife; and if you find that the defendant did enter into such a contract with the plaintiff, she would be bound thereby." Complaint is also made of an instruction to the jury by the court to the effect that when a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be apportioned; and if he fails to do so, the debtor has the right to apply the payment at his election. We see no error in either of these instructions. While it is true that a wife may not ordinarily assume the debts of her husband, it is well settled that she may, when she purchases property from her husband, pay off any lien thereon which was created by the husband, the removal of which is necessary to give her an unencumbered title to the property. In that respect the present case comes squarely within the rule laid down by this court in the cases of *Daniel* v. *Royce*, 96 *Ga.* 566; and *Taylor* v. *Mortgage Co.*, 106 *Ga.* 238. It is equally clear that Meyer, in the absence of any

direction from Mrs. Lowenstein, had a perfect right to apply any payments made by her to him to the pre-existing indebtedness incurred by her husband which, in buying the property, she assumed. The charge of which complaint is made is in almost the exact language of section 3722 of the Civil Code, which is in point, and which settles this question against the contention of counsel for the plaintiff in error.

4. The foregoing deals with every question presented by the record which is worthy of discussion. The evidence was conflicting on many material issues, but was amply sufficient to support the verdict rendered in favor of the plaintiff, and no reason appears for reversing the judgment of the court below overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concurring.*