## VIZARD *v.* MOODY

1. Where the defendant in an action of ejectment admits in his plea the execution by him of an instrument which forms a part of the plaintiff's abstract of title, it is not a good objection to the admission of the instrument in evidence that its execution has not been proved. The same principle governs as to proof of the execution of a deed, when the maker of the deed appears in court and testifies that he signed the instrument and that the deed is his.

2. In this State a married woman may engage in business as the partner of her husband, and may pledge her separate property for the payment of the partnership debts.

3. A married woman who buys property which is encumbered may assume the payment of the encumbrance in order to secure a clear title to the property, and she will be bound by such an assumption of the lien on the property.

4. A deed to lands located in Georgia was executed in Mississippi in January, 1900, but was attested by only one witness.     In February, 1901, the maker acknowledged the deed in Mississippi before two witnesses, one of whom was a notary public who attached his seal to his attestation.     *Held*, that the instrument was entitled to record in Georgia, and was admissible in evidence in a trial involving title to the land conveyed.

5. Where the maker of a deed of trust to secure a debt expressly contracts that in the event of default in the payment of the debt the trustee may sell the land at public outcry before the door of the court-house of a named county in another State, the sale of the land in such State in compliance with the terms of the trust deed is not void ; and this is true though the instrument be in the nature of a mortgage, and a sale thereunder quasi judicial in character.

6. Where the execution of a deed or mortgage has been admitted or proved, it is not a ground to exclude it from evidence that it is not under seal.

7. Where a deed of trust to secure a debt directed that in the event of default in the payment of the debt the trustee should sell the property " after advertising said sale for ten days by publication in some newspaper published in " a named county, advertisement in a weekly paper in the county named for three successive issues next preceding the date of the sale was a compliance with the direction, it appearing that the first advertisement was more than ten days prior to the date of the sale.

8. The letters excluded from evidence were admissible as throwing light on the real nature of the transaction between the parties which gave rise to the action of ejectment; and there was before the court sufficient evidence that the writings were executed by the defendant to enable the jury, by a comparison of signatures, to pass upon the issue raised by the contention as to the execution.

Argued February 16, — Decided March 31, 1904.

Equitable petition.     Before Judge Parker.     Glynn superior court.     January 22, 1903.

*Atkinson & Dunwody*, for plaintiff.

*Kay, Bennet & Conyers*, and *Gale & Butts*, for defendant.

CANDLER, J.     This was a suit in ejectment and for mesne profits.     Different branches of the same litigation have been before this court twice (115 *Ga.* 491; 117 *Ga.* 67), but the questions now presented are entirely different from those made on the former trials.     The plaintiff, a non-resident, claimed title under two instruments, one a deed of trust in the nature of a mortgage, signed by the defendant and her husband, D. H. Moody, purporting to convey the property in dispute and other property, some of which was located in Alabama and some in Mississippi, to Mason

as trustee for the plaintiff, to secure an indebtedness therein set out; and the other a deed from Woods, substituted trustee appointed in accordance with the terms of the instrument first mentioned to succeed Mason, resigned, conveying the property to the plaintiff. Both these instruments were, on objections which will hereafter be set out, ruled out by the court, as was also certain other evidence offered by the plaintiff. The court awarded a nonsuit; and to this ruling, as well as to the rejection of the evidence referred to, the plaintiff excepted.

1–3. The objections offered to the introduction of the conveyance from the defendant to Mason, trustee, were, (1) that the execution of the instrument was not proved; (2) that it shows on its face that it is a deed or mortgage upon the estate of a married woman and given as security for the debt of another; and (3) that it recites the assumption of the debt of one Walter and his wife, but does not show upon what consideration such debt was assumed. We are satisfied that none of these objections are meritorious. It is a complete answer to the first that in her plea the defendant admitted the execution of the instrument for the purposes therein set out; and this averment in her plea was invoked on the trial by the plaintiff. See Civil Code, § 5188; *Wood* v. *Isom*, 68 *Ga.* 417. Nor is there any merit in the second objection set out above. It appears that Walter and wife were operating a turpentine farm in Mississippi, and were indebted to the plaintiff, Vizard, who was their factor, to the amount of more than $3,000. The defendant and her husband, desiring to purchase this farm, agreed to assume the debt of the Walters to Vizard, and accordingly the turpentine farm and its appurtenances were turned over by the Walters to a partnership composed of the defendant, her husband D. H. Moody, and her son J. D. Moody, doing business under the firm name of S. A. Moody & Co. It was also agreed that Vizard should advance to the Moodys $2,000 additional, at stated intervals; and as evidence of the assumption by the Moodys of the debt of the Walters, and of the contemplated advance of the additional sums by Vizard, notes were given by the Moodys to Vizard for $5,000; and as security for this sum and for such further advances as might be made the deed of trust under consideration was executed. This instrument authorized the trustee, upon default in payment of the debt to secure which it was given, to

sell the property therein described, after first advertising the sale for ten days by publication in some newspaper published in Jackson county, Mississippi, the sale to be made at public outcry before the court-house of that county in the town of Scranton. There was evidence from which the jury could have found that the debt of the Walters, which was assumed by the defendant and her husband, was a lien on the property sold to her firm. This court has repeatedly held that a married woman may be a partner in business with her husband, and that in such event her individual property is liable for the partnership debts. *Burney* v. *Savannah Grocery Co.*, 98 *Ga.* 711; *Schofield* v. *Jones*, 85 *Ga.* 816; *Ellis* v. *Mills*, 99 *Ga.* 490. There is no reason why a married woman who buys property with a lien on it may not assume such lien; and this court has held that payment of a debt so assumed can be enforced against her without contravening the law embraced in the Civil Code, § 2488. While a wife may not ordinarily assume the debts of her husband, it is well settled that when she purchases property from him which is encumbered, she must, in order to secure an unencumbered title, pay off any debts created by him which are a lien upon the property purchased. *Daniel* v. *Royce*, 96 *Ga.* 566; *Taylor* v. *American Freehold Co.*, 106 *Ga.* 238; *Lowenstein* v. *Meyer*, 114 *Ga.* 711. We therefore conclude that none of the objections offered to the deed of trust were sufficient to warrant its exclusion from evidence.

4. Default was made in the payment of the debt due by the Moodys to Vizard, and, in accordance with the terms of the deed of trust, Woods, the substituted trustee, advertised the property for sale in the Scranton Chronicle, a weekly newspaper published in Jackson county, Mississippi, and in due time exposed it for sale, when it was bid in by Vizard. The deed from Woods to Vizard was also excluded from evidence, the objections to it being, that its execution had not been proved; that it was not executed in the presence of two witnesses, one of them an officer; and that it was not shown that Woods had authority to make the deed. Again we think that the objections made did not afford a sufficient ground for excluding the evidence offered. Woods himself was present at the trial, and testified to the execution of the deed. Certainly, as between him and Vizard, this was sufficient proof of execution. Civil Code, § 5244, par. 5. It appeared, however,

that the deed, which was dated January 1, 1900, was at first attested by only one witness, and that the date of the attestation was one day after that of the signature.      Subsequently, on February 19, 1901, Woods acknowledged his signature to the deed before two witnesses, one of whom was a notary public who attached his seal of office to his attestation; and thus attested the deed was admitted to record in Glynn county, Georgia, where the land in dispute is located.      The acknowledgment before the two witnesses, one of whom was a notary public attaching a seal, cured whatever defect there was in the first attestation of the deed, and there was certainly no objection to its admission on the score of the sufficiency of the proof of its execution.      Acts 1900, p. 52, Van Epps' Code Supp. § 6184.      The point as to the authority of Woods to make the deed is fully settled by the deed of trust which was excluded from evidence.      If that instrument was properly rejected, the point may be well taken; but as we hold that it should have been admitted, and as it contained the fullest proof of Woods' authority to act, there is nothing in the argument advanced.

5. In the brief of counsel for the defendant in error it is insisted, however, that for various reasons, which do not appear to have been urged on the trial in the court below, the deed of trust from the defendant to Mason, trustee, and the deed from Woods, substituted trustee, to the plaintiff, were inadmissible and were therefore properly rejected by the court.      The broad ground was taken, that, regardless of technical questions as to the admissibility of the evidence, the instruments conveyed no title to the plaintiff, and even had they been admitted, the same result, to wit, a judgment of nonsuit, would have been inevitable.      In this view we do not concur.      It is urged with considerable plausibility that as the deed of trust executed by the defendant was in reality a mortgage, a sale under it was in the nature of a judicial sale, and could not legally be held elsewhere than in the county where the land was located.      In the absence of an express agreement as to the place of sale, contained in the deed of trust itself, this argument would be not without force; but we fail to see how the defendant can get around the fact that she expressly contracted that in the event of default in the payment of the debt the property should be sold in Jackson county, Mississippi.      Her

power to make this contract is not questioned, and we are constrained to hold that she is now bound by its terms.

6. It was also argued that the two instruments which were excluded from evidence were inadmissible, because they were not under seal. This point we do not think is well taken. The attachment or recital of a seal in the execution of a writing conveys the idea of a greater degree of solemnity than is observed in the execution of an instrument not under seal, and by statute a greater period of limitation is allowed within which to bring suit on contracts executed in this manner; but the omission of a seal can not affect the intention of the parties to the instrument; and a deed is none the less a deed because it is not under seal. See Civil Code, § 3602. Especially is this true when the grantor, as in this case, is present in court and by a solemn oath acknowledges the writing as his deed, or by sworn pleadings admits the execution of the instrument for the purposes which it recites.

7. The deed of trust executed by the Moodys provided, that, in the event of default in the payment of the debt to secure which it was given, the trustee should sell the property "after advertising said sale for ten days by publication in some newspaper published in said Jackson county, Miss." Advertisement of the sale was published in a weekly newspaper in the town of Scranton three times, on the 16th, 23d, and 30th days of December, 1899, and the sale was had on January 1, 1900. It is now argued by counsel for the defendant in error that there was no compliance with the provisions of the trust deed as to advertisement, and that notice of the sale should have been published every day for ten days before the sale. It does not appear from the testimony whether there was a daily newspaper published in Jackson county, Mississippi, at the time this sale was had, or not, but the inference to be drawn from the evidence is that there was not. At all events, the trustee was not limited to any particular newspaper in the publication of the notice of the sale; and if he selected a weekly newspaper, as he had full power to do, it was a sufficient compliance with the terms of the trust deed if he advertised the sale in every issue of that paper appearing during the ten days next preceding the day of the sale. Washington v. Bassett (R. I.), 2 Am. St. Rep. 929; Armstrong v. Scott, 3 Ia. 433.

8. The plaintiff also offered in evidence certain letters alleged to have been received by him from the defendant, the object of the evidence being to show that Mrs. Moody was a member of the firm of S. A. Moody & Co. and initiated the proceedings leading up to the execution of the trust deed to Mason trustee. This evidence was also ruled out by the court, on the ground that it was irrelevant, and that the signature to the letters had not been proved to be that of the defendant. Here, again, we think the court erred. The letters were clearly admissible as tending to throw light on the real nature of the transaction between the parties, and were vitally relevant to the contentions of the plaintiff. A foundation was laid for their introduction by the introduction of other writings admitted to have been executed by the defendant, and her signature to the affidavit attached to her plea was before the court; and if the genuineness of the signature to the letters offered was disputed, it was for the jury to say, from a comparison of the signatures, what was the truth of the issue. Civil Code, § 5247.

We conclude from the foregoing that the court below erred in each of the rulings on the admission of evidence, of which complaint is made. Had this evidence been admitted, as it should have been, the plaintiff would have had a prima facie case, and a nonsuit could not legally have resulted.

*Judgment reversed. All the Justices concur, except Cobb, J., disqualified.*