### 9827.  SCOTT *v.* GEORGIA RAILWAY & POWER COMPANY.

BLOODWORTH, J.  1. There is no merit in grounds 4, 5, 7, and 8 of the amendment to the motion for new trial.

2. Even if it was error to admit in evidence the copy of the rule of the defendant company, as complained of in ground 6 of the motion for a new trial, it was harmless, as the officer of the company by whom the rule was promulgated had already testified, without objection by plaintiff's counsel, as to what the rule was and that it was a rule of the company.

3. The evidence failed to sustain the petition, and the judge did not err in directing a verdict for the defendant.

*Judgment affirmed. Broyles, P. J., concurs. Stephens, J., not presiding.*
                    DECIDED NOVEMBER 23, 1918.

Action for damages; from Fulton superior court—Judge Ellis. April 20, 1918.

The plaintiff was a colored passenger in a street-car in which four seats at the front of the car were reserved for white passengers. These seats were vacant, the remaining seats were occupied by colored persons, and there was no white passenger in the car when he entered it. He sat in one of these vacant seats, and the conductor required him to leave the seat. He sued the street-railway company for damages, alleging that he was greatly humiliated and was put in fear of bodily harm by the conduct and manner of the conductor; that it was a gross violation of his rights and of the duty

which the defendant owed to him as a passenger, and that there was no reason or justification for the act of the conductor in requiring him to vacate his seat. On the trial he testified: "The conductor said, 'You can't sit here,' and I said, 'There is no seats back there,' and he said, 'It don't make any difference. Get back. You can't sit there.' And I got up and went on back there, . . and stook on the back. I asked him when this kind of law happened—was made, and he said, 'It has been made for sometime;' and I didn't say any more to him." Before the conductor spoke to the plaintiff the motorman told him that he could not sit in that seat. He testified that they talked loud to him and could have been heard out of the car; that he was afraid of the conductor, and when they spoke to him "that way," and ordered him to leave the seat and go back, he felt humiliated and wrongly treated.

The defendant introduced in evidence, after its witness Matthews had testified, a rule directing conductors on "route 3" to reserve the four front seats (two on each side of the aisle) for white passengers. The plaintiff was a passenger on this route. Matthews testified: "I and Mr. Simmons are the superintendents of the transportation department of the Georgia Railway & Power Company. We all make the rules governing the traffic. We passed this rule, dated 5th day of December, 1916 [prior to the occurrence in question], addressed to conductors on route 3. We posted that bulletin. . . That rule was passed in order to conform to the laws of the State of Georgia that require you to separate white and colored passengers as far as practicable. It is peculiarly applicable to route 3, on account of the large number of negroes who ride that line. We have to reserve some space for the white people that we catch in the middle of the town and who ride—the few white people who do. There are a good many ladies included in the few white passengers that do patronize that line." The conductor and the motorman testified that in asking the plaintiff to move from the seat occupied by him, they were acting in obedience to the rule. The motorman testified that they told him of the rule when he was asked to move. "I just asked him in a kind way." The written copy of the rule was admitted in evidence over the objections that it was not signed by an officer of the corporation, and that it was not a reasonable rule.

C. D. Maddox, Samuel A. Massell, for plaintiff cited: Penal Code

1910, § 533 et seq.; *Metropolitan R. Co.* v. *Johnson,* 90 *Ga.* 506 (6); Park's Code, § 5926.

*Colquitt & Conyers,* for defendant, cited: *Central Ry. Co.* v. *Motes,* 119 *Ga.* 923 (1), 929-30; Penal Code, § 534 et seq.