ANDERSON *v.* HIGGINBOTHAM, executrix, *et al.*

ATKINSON, J. 1. It has been held by this court that "Where a debtor conveyed, by an instrument in the form of a deed, real and personal property, and included in the conveyance a statement that the grantee agreed to pay a certain debt which the grantor owed, and the grantee received such deed and the property conveyed thereby, and the grantor became insolvent, the holder of a note of the grantor for such debt, or a part thereof, upon its becoming due and remaining unpaid, could file an equitable proceeding, with proper parties, to enforce the payment of such debt by the grantee;" also, that where a provision of the character indicated above was contained in a deed conveying realty and personalty, and the grantee accepted the deed and received the property conveyed, this made a contract between him and the grantor, binding upon him, although he did not sign the instrument. *Union City Realty & Trust Co.* v. *Wright,* 138 *Ga.* 703 (76 S. E. 35); *Williams Co.* v. *American Tie & Timber Co.,* 139 *Ga.* 87 (76 S. E. 675); *Louisville & Nashville Railroad Co.* v. *Nelson,* 145 *Ga.* 594 (89 S. E. 693); *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986); *O'Leary* v. *Costello,* 169 *Ga.* 754 (151 S. E. 487); *First National Bank of Quitman* v. *Rountree,* 173 *Ga.* 117 (159 S. E.

658). The foregoing principles are applicable in this case on demurrer, where the petition alleged that it was stated, in the warranty deed in question in which the defendant was grantee, that the consideration thereof was a specified debt of the grantors to a third person (the plaintiff in this case) which the grantee "agrees to pay" and that the grantee accepted the deed containing such statement and took possession of the land under it.

2. The provision in the Civil Code, § 3009, that no contract of sale of a wife, as to her separate estate, with her husband shall be valid unless the same is allowed by order of the superior court of her domicile, has no application to an executory agreement of a wife to pay a debt of her husband, owed to a third person, as consideration expressed in a deed by the husband to the wife, conveying realty on which the debt was an outstanding incumbrance. In this connection see *Turner* v. *Woodward*, 133 *Ga.* 467 (66 S. E. 160).

(*a*) An executory agreement as described is not a sale, nor is it a separate estate of the wife.

(*b*) Even if a deed from a husband to a wife, conveying land for a money consideration, is invalid because evidencing a sale of the separate estate of the wife, for which no order of court has been obtained (*Chappell* v. *Boyd*, 61 *Ga.* 662(3); *Cheatham* v. *Lord*, 79 *Ga.* 770, 4 S. E. 162; *Webb* v. *Harris*, 124 *Ga.* 723, 53 S. E. 247; *Scaife* v. *Scaife*, 134 *Ga.* 1, 67 S. E. 408; *DeNieff* v. *Howell*, 138 *Ga.* 248(3), 75 S. E. 202; *Munroe* v. *Baldwin*, 145 *Ga.* 215(3), 88 S. E. 947; *McArthur* v. *Ryals*, 162 *Ga.* 413, 134 S. E. 76), no such question is involved in this case.

3. While a married woman may contract, she can not bind her separate estate "by any assumption of the debts of her husband." Civil Code, § 3007. Ordinarily where a wife buys land from her husband she may, without contravening the foregoing limitation upon her right to contract, agree with him to pay the purchase-price by the assumption and payment of an existing debt of her husband to a third person which is an incumbrance upon the land. *Vizard* v. *Moody*, 119 *Ga.* 918(3) (47 S. E. 348); *Daniel* v. *Royce*, 96 *Ga.* 566 (23 S. E. 492); *Strickland* v. *Gray*, 98 *Ga.* 667 (27 S. E. 155); *Taylor* v. *American Freehold Mortgage Co.*, 106 *Ga.* 238 (32 S. E. 153); *Lowenstein* v. *Meyer*, 114 *Ga.* 709 (40 S. E. 726); *McRitchie* v. *Atlanta Trust Co.*, 170 *Ga.* 296, 310, 316, 317 (152 S. E. 834).

4. Under application of the foregoing principles, the petition alleged a valid contract upon the part of Mrs. Anderson to pay the debt to the Higginbotham estate, enforceable in equity by suit of the executrix against the defendants; and there was no error in overruling the demurrer upon any of the grounds stated.

5. Where suit is instituted against joint defendants, one of whom is the representative of an insane or deceased person, the sane or living party defendant shall not be admitted to testify as to any transaction or communication with the insane or deceased party, when his evidence would tend to relieve or modify the liability of the party offered as a witness and tend to make the estate of said insane or deceased party primarily liable for the debt or default. Acts 1897, p. 53. Park's and Michie's Codes, § 5858(7). *Held:*

(a) This statute has not been repealed or modified by any subsequent act of the legislature, though it was not included or referred to in the Code of 1910, which was adopted by act of the legislature. Such adoption did not by implication repeal the statute.

(b) In the instant case the defendant C. H. Baldwin was not incompetent, on account of the provisions of this statute, to testify as complained of in the motion for a new trial. The suit was against Baldwin and Mrs. Anderson in her individual capacity on her individual contract (not against her as legal representative of K. S. Anderson, deceased). Moreover, the testimony of Baldwin so complained of did not tend to make the estate of K. S. Anderson primarily liable for the debt.

6. The rulings on admission of evidence, as complained of in the motion for a new trial, show no harmful error.

7. The instruction to the jury, and the omission to charge, as complained of in the motion for a new trial, were in accordance with the principles hereinabove stated, and were not erroneous.

8. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.* *All the Justices concur, except*

Russell, C. J., dissenting. In my opinion the court erred in not sustaining the general demurrer, and in not dismissing the petition. In this view, the further proceedings in the trial were nugatory.

No. 8526. March 3, 1932.

*Miles W. Lewis,* for plaintiff in error.
*E. H. George* and *Charles W. Baldwin,* contra.