## PINCKNEY *v.* WEIL.

No. 11427.   NOVEMBER 27, 1936.

*N. M. Reynolds* and *W. K. Miller,* for plaintiff.
*Hull, Barrett & Willingham,* for defendant.

ATKINSON, Justice.   Janie L. Pinckney brought suit against Stella Wassman Weil, asking injunction against a sale advertised by Weil under a deed to secure a debt. Practically the undisputed evidence showed that L. P. Pinckney, husband of the plaintiff, borrowed $1000 from defendant, and gave a deed to secure the loan. Subsequently he died leaving the plaintiff, his wife, and several minor children. The ordinary of Richmond County duly set apart, as a year's support to the widow and minor children, the equity in said real estate. The original debt was for $1000. After the grant of the year's support, a new deed was made on July 27, 1925, by the plaintiff to the defendant, conveying the same property to secure a debt of $1500, to wit, the original $1000 and $500 additional, this deed reciting that the conveyance was made to secure "a loan for the purpose of raising money for the support of plaintiff and her minor children," and the deed gave power of sale. On the same day the defendant Stella Wassman

Weil gave an acknowledgment that the debt to secure which the original deed was made by plaintiff's husband had been paid in full, and the same was canceled, and the clerk of the superior court was authorized to enter a cancellation of record. The plaintiff made numerous payments on the $1500 specified in the deed of July 27, 1925. Not having paid the debt in accordance with the terms of her contract, the defendant, grantee in the loan deed of July 27, 1925, proceeded to advertise the property for sale. The plaintiff sought to enjoin the sale, on the ground that there was a novation, and that the sale was an attempt to sell the wife's property for the debt of her husband, and the original deed from the husband had been canceled; and because the deed under which the sale was to be conducted recited on its face that the land had been.conveyed as a year's support to the widow and minor children of L. P. Pinckney, and because the defendant was attempting to sell the wrong piece of property, to which the defendant had no title, i. e., the year's support estate, and had not advertised for sale property to which title was conveyed,.that is, the interest of the plaintiff in the estate of L. P. Pinckney, and conveyed by her for the first time to Weil by said deed of July 27, 1925.

The court declined to grant an injunction or a supersedeas; and we think this judgment was correct. The transaction of canceling the deed from the husband, and the giving of the new deed by the plaintiff were contemporaneous transactions on the same day, and constituted one integral transaction. The deed given by the husband was superior to the right of a widow to a year's support, and the property could have been sold to pay the debt. The case of *Baker* v. *Kimzey*, 34 *Ga. App.* 184 (128 S. E. 923), involved a similar transaction, in which the court held: "Where the maker of a deed to secure a debt dies, and his widow and the holder of the security deed and the administrator on his estate all agree that the land shall be sold by the administrator, and the administrator, after procuring an order of sale from the ordinary· and advertising as required by law, sells the land at public outcry, before the court-house door (where a large crowd is assembled), to the highest bidder, at a fair price, after first telling those present that he is selling the land free from all liens and that the title is absolutely good, it is lawful and proper for the administrator to pay off the secured loan from the proceeds of the sale

before applying any part to the year's support of the widow; and this is true even though at the time of the sale the deed is on record uncanceled and the legal title to the land is in the grantee. *Thompson* v. *Atwater,* 84 *Ga.* 270 (10 S. E. 718); *Mallard* v. *Curran,* 123 *Ga.* 872 (51 S. E. 712)." The same principle was involved in *Lewis* v. *Banks,* 171 *Ga.* 188 (4) (154 S. E. 785): "'Where land is conveyed by a vendor to a purchaser, who simultaneously conveys it to another as security for a loan of money used in discharging the purchase-price of the land, the two conveyances being parts of one transaction, the title passes through the borrower without being affected, as against the lender, by the lien of a judgment against the borrower which would have attached had the title remained in him. This principle applies as well where a part of the purchase-money is paid, and the security deed is given to secure the balance, as where none of the purchase-money is paid, and the security deed is given to secure the whole.' *Protestant Episcopal Church* v. *Lowe Co.,* 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243); *Missouri State Life Insurance Co.* v. *Barnes Construction Co.,* 147 *Ga.* 677 (95 S. E. 244)."

At the time it was sought to effect the sale the additional $500 loaned had been paid, and it was sought to sell the property in order to collect the balance of the debt, with interest. The children had become of age, and four of them had lived with the widow upon the property. It has been held that while a wife may not ordinarily assume the debts of her husband, she may, when she purchases property, in order to secure an unencumbered title pay off any debts created by him which are a lien upon the property purchased. *Vizard* v. *Moody,* 119 *Ga.* 918, 921 (47 S. E. 348); *Anderson* v. *Higginbotham,* 174 *Ga.* 565 (163 S. E. 477); *Lowenstein* v. *Meyer,* 114 *Ga.* 709 (40 S. E. 726); *Taylor* v. *American Freehold Land Mortgage Co.,* 106 *Ga.* 238 (32 S. E. 153); *Daniel* v. *Royce,* 96 *Ga.* 566 (23 S. E. 493). Under these decisions it appears that the wife was made liable for the debt. It is clear that the equity in property, subject to a loan deed, may be set apart as a year's support. *Whatley* v. *Watters,* 136 *Ga.* 701 (71 S. E. 1103). "Where land has been set apart to a widow as a year's support for herself and minor children, the widow, without an order from any court, may lawfully sell the property for the purpose of obtaining a support for the beneficiaries thereof, and

**570**

may lawfully execute a mortgage. or security deed upon the property for that purpose." *Reynolds* v. *Baxter,* 177 *Ga.* 849 (171 S. E. 706), and cit. A widow to whom real estate has been set apart for support of herself and minor children may convey the land to secure a debt for the purchase of lumber and materials used in building a residence to be occupied by herself and her children. The court said: "The jury was authorized to find that she executed the security deed to secure payment for lumber used in erecting a dwelling for the use of herself and children. A dwelling is necessary and essential for their maintenance, and is one of the purposes for which property set aside for a year's support can be used." *Morris* v. *Hasty,* 171 *Ga.* 648 (156 S. E. 602). A widow to whom a year's support has been set apart in land can exchange it for other land, the purpose being to provide a support for herself and minor children. *Jones* v. *Wilkes,* 146 *Ga.* 803 (92 S. E. 517). Therefore, where a debt is secured by a deed which would be superior to a year's support, and in one transaction that deed is canceled, and another deed taken to the same premises from the beneficiary of the year's support, the second deed would also be superior to the year's support, and it would be inequitable to enjoin the creditor from collection of his debt out of the premises conveyed to him under the circumstances set forth.     *Judgment affirmed.     All the Justices concur.*