## LUNSFORD *v.* KERSEY.

No. 13587. MARCH 15, 1941.

740

*J. H. Tipton,* for plaintiff in error.

*R. S. Foy* and *C. W. Foy,* contra.

REID, Chief Justice. The questions are, did the widow take a full estate in the property under the proceedings in the court of ordinary, or did she take it "subject to" the debt and mortgage? And if she did take it *subject,* was her subsequent security deed binding? It is strongly contended in her behalf that since the return of the appraisers as filed by them did not make it subject, and since no objections to their return were *filed,* the ordinary was without jurisdiction to modify the return and thereby reduce her estate, and that consequently she should prevail, since, as contended, she may not use her support to pay the debt of her husband. Of course, at the outset it is observed that a year's support is made by law superior to a mortgage. Code, § 113-1508. The decision in *Holamon* v. *Jenkins,* 50 *Ga. App.* 129 (177 S. E. 262), is relied upon entirely by Mrs. Kersey's counsel, and questions as to whether she may be barred from proceeding in equity upon other considerations are not discussed, although defendant's answer set up estoppel on her part. In that case it was held that where no objections to the return of the appraisers were filed, and after due citation and notice the return was recorded by the ordinary, "'such a record has the binding force and effect of any other judgment,' without the need of any other act by the ordinary or power on his part to modify the return. *Jackson* v. *Warthen,* 110 *Ga.* 812, 814 (2) (36 S. E. 234); *Selph* v. *Selph,* 133 *Ga.* 409, 410 (2) (65 S. E. 881); *Moore* v. *Moore,* 126 *Ga.* 735, 738 (55 S. E. 950); *Watson* v. *Watson,* 143 *Ga.* 425, 427 (85 S. E. 324); *Fulghum* v. *Fulghum,* 111 *Ga.* 637 (36 S. E. 602, 37 S. E. 774). This for the reason that unless objections are filed, any further duties on the part of the ordinary are purely ministerial. If, however, objections are filed, the rule is different, and he thereafter discharges a judicial function in determining the issues made by the return and the objections, and in such event he is not without power to amend or alter the return. *Winn* v. *Lunsford,* 130 *Ga.* 436, 440 (2) (61 S. E. 9); *Cowan* v. *Corbett,* 68 *Ga.* 69; *Jackson* v. *Warthen,* supra (pp. 814, 815)." It was further held in the case there under consideration, that, no objections having been filed, and the return having been recorded by the ordinary, "he thereby expressed the full extent of his powers as ordinary with reference to the return, and his effort, after re-

citing in his order the absence of any objections to the return of the appraisers as made, to exercise a judicial rather than a ministerial function in seeking to modify the return by making it subject to the payment of a stated debt due by the decedent, was invalid and inoperative." That ruling, in our opinion, is based upon authority and upon sound legal principles. Compare *Howell* v. *Howell,* 188 *Ga.* 803 (4 S. E. 2d, 835) ; 190 *Ga.* 371 (9 S. E. 2d, 149). But, in the view we take of the present case, we must determine whether the plaintiff here can under principles of equity have it invoked in her behalf. We frequently find instances where, due to the situation of the parties, a legal principle which would normally fit the case can not be applied. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code, § 37-104.

In *Bigham* v. *Kistler,* 114 *Ga.* 453, 456 (40 S. E. 303), it was held: "Where by acts and statements of a defendant a plaintiff is misled into the belief that the defendant will not resist the plaintiff's claim, and he, acting under this belief, fails to appear and prosecute his claim, as he would have done but for these statements of the defendant, it would be unconscionable to allow the defendant to take advantage of the plaintiff's absence and have a decree entered in his favor which concluded for all time the plaintiff's right to enforce his claim." In *Giles* v. *Cook,* 146 *Ga.* 436 (91 S. E. 411), a distress warrant had been levied, and the tenant agreed with the landlord on the delivery of the property and upon a settlement which would have dispensed with further proceedings. The court held that a judgment afterwards taken against the landlord without notice in that proceeding could be relieved against in equity. In *Oliver* v. *Godley,* 38 *Ga. App.* 66 (142 S. E. 566), the Court of Appeals was dealing with a case where counsel for the opposing parties had agreed upon consideration that certain pleadings would be dismissed and defenses thus waived, and that they "would try it all together." It was held, that, the defendant having thus dismissed his plea in abatement, the plaintiff was estopped from attacking the plea of set-off on the ground that the cause of action therein relied on was not a proper matter for such a plea. In passing upon the question the court quoted the following from *Seals* v. *Stocks,* 100 *Ga.* 10 (30 S. E. 278) : "'This result grew out of the mutual mistake of counsel as to a matter of law, viz.: as to how

their agreement could be legally carried into effect. It would be manifestly unfair to allow one of the parties to profit thereby, deriving an advantage not contemplated by the agreement as actually made. Indeed, our Code distinctly recognizes the equitable principle that relief from consequences of a mistake of law will be granted where, through a misconception on the part of both parties to an agreement, the language employed to express the same. has a different legal meaning from that contemplated, and "operates as a gross injustice to one" of the parties, "and gives an unconscientious advantage to the other." Civil Code, § 3979 (Code of 1910, § 4576).'" Citing further, *Johnson* v. *Wright,* 19 *Ga.* 509; *Johnson* v. *Georgia Fertilizer & Oil Co.,* 21 *Ga. App.* 530 (94 S. E. 850). On that question it was finally observed: "In any view, the counsel having agreed that the issues as made in *Godley's* suit upon the note and in the plea of set-off filed by the defendants should all be tried together, and the agreement being one which they were authorized to make (*Commercial Union Assurance Co.* v. *Chattahoochee Lumber Co.,* 130 *Ga.* 191, 60 S. E. 554; *Bryant* v. *Elberton & Eastern Ry. Co.,* 20 *Ga. App.* 586 (2), 93 S. E. 219), it was not permissible for the plaintiff's attorneys to withdraw from the stipulation after the defendants had acted upon it to the extent of dismissing the suit which they had previously filed." In *Beverly* v. *Flesenthall,* 142 *Ga.* 834 (83 S. E. 942), a person sued as one of several partners did not file his defense, on the representation of plaintiff that the suit as to him would be dismissed. It was held that judgment against him thus taken could be set aside in equity. This rule was again applied in *McGinnis* v. *Scheer,* 182 *Ga.* 634 (186 S. E. 804), where upon a similar representation a person had omitted to file a plea. The principle would seem to be altogether sound and well established by the foregoing and many other decisions, that where a party to a proceeding, with the right or duty to file a plea or defense or else be foreclosed as to his rights under it, is induced to withdraw it if filed, or to desist from filing it if ready and intending to do so in proper time, on representaton of the opposite party that he need not do so and that his rights would be otherwise protected, and thus acts to his injury, equity will consider the opposite party estopped to take advantage of the consequences of his failure so to plead.

In the instant case citation on the appraiser's return as to the

widow's application for year's support was returnable to the March term of the court of ordinary. The creditor whose mortgage on the property was junior to the widow's claim for year's support (Code, § 113-1508(6)) had the right to file objections. She was as yet only a potential party, but was subject to the citation, and all she needed to do to become a party was to file the objections. She appeared at the proper place and at the proper time with the intention of filing them, with counsel engaged for the purpose. The grounds of such proposed objections (viz., that the land set apart was undervalued and the allowance was excessive) were sufficient to make an issue on the return, and as we have seen from the case of *Holamon* v. *Jenkins,* supra, if they had been filed the ordinary would have had the power to determine them, and upon consideration to have amended or modified the return. *Winn* v. *Lunsford,* supra; *Seeland* v. *Denton Realty Corporation,* 148 *Ga.* 628 (97 S. E. 681); *Bridges* v. *Brady,* 158 *Ga.* 886 (124 S. E. 699). Or in subsequent proceedings on appeal the return might be modified. *Casey* v. *Casey,* 151 *Ga.* 169 (106 S. E. 119). Under the record in the present case a finding was at least authorized, if not demanded, that the applicant's counsel consented to a modification of the return and himself prepared a judgment entered by the ordinary giving effect to it, in consideration of the creditor's not becoming a party by the formal filing of objections. We can see no important difference between withdrawal of pleadings already filed and the circumstances here under consideration, nor between this and situations where the persons at the time of such dealing were already formal parties. The thing that estops Mrs. Kersey is the fact that by reason of her acquiescence in the creditor's claims the creditor lost the right to be heard on her objections. In *Bates* v. *Burden,* 148 *Ga.* 157 (96 S. E. 178), a year's support had been set apart by appraisers to the widow, subject to payment of certain debts. Subsequently the point was made by some of the children that the judgment setting apart the year's support was void for uncertainty of description. Then under an agreement the ordinary purported to amend the judgment by supplying appropriate description. Later one of the children sought to recover some of the land which had been conveyed to third persons by the widow in order to raise money which it had been agreed would be paid to the children. On the trial of that issue it was decided that the original judgment was void and could

not be amended. The Supreme Court held that the rights of the parties depended upon the agreement made with the widow, by which they were bound, and not upon the judgment. So we conclude here that the widow is bound by the action of her counsel (whose authority to act for and bind her is not questioned) as it occurred in the court of ordinary; and that without regard to the limitations on the power of the ordinary, in the circumstances related, to modify the return by his judgment, the widow may not, in seeking relief in equity in her own behalf and where estoppel is appropriately pleaded, question the validity of the judgment so entered. We come to this conclusion irrespective of whether the plaintiff would be barred from questioning the judgment of the ordinary in the absence of the fact that the creditor failed to file objections, upon consideration of the agreement, but simply because she aided in procuring it by giving her consent thereto and took benefits under it. See, in this connection, 19 Am. Jur. 715, 716, §§ 76, 77; Githens v. Githens, 78 Colo. 102 (239 Pac. 1023, 43 A. L. R. 547); Griffin v. Collins, 122 Ga. 102; (49 S. E. 827); Sligh v. Whitely, 41 Ga. App. 428 (153 S. E. 237); Brooks v. Tinsley, 13 Ga. App. 268 (79 S. E. 160); Driver v. Wood, 114 Ga. 296 (40 S. E. 257); Wilbanks v. Wilbanks, 159 Ga. 196 (125 S. E. 202).

■ Having held that the validity of the judgment setting the property apart "subject to" the debt and mortgage can not be questioned in the present proceeding, it is necessary now to determine whether the widow's subsequent security deed on the property may be enforced. Treating the judgment in this way, she held the property subject to the outstanding encumbrance. For the present purpose it may be said that she held the equity in the property just as if there had been outstanding a security deed of the husband. The rule is that a widow may not sell property set apart for support of herself and family to pay a pre-existing debt of her husband, or her own pre-existing debt. Gibbs v. Land, 136 Ga. 261 (71 S. E. 136); Hill v. Van Duzer, 111 Ga. 867 (36 S. E. 966). Despite the general rule that a married woman may not assume or pay the debt of her husband, "a married woman who buys property which is encumbered may assume the payment of the encumbrance in order to secure a clear title to the property, and she will be bound by such an assumption of the lien on the property."

*Vizard* v. *Moody*, 119 *Ga.* 918 (3) (47 S. E. 348). "In such a case she does not discharge the lien because it represents the husband's debt, and the consideration which moves her is not a purpose to relieve him from the indebtedness, but to free her own property from an existing encumbrance." *Daniel* v. *Royce*, 96 *Ga.* 566, 568 (23 S. E. 493); *Taylor* v. *American Freehold Co.*, 106 *Ga.* 238 (32 S. E. 153); *Lowenstein* v. *Meyer*, 114 *Ga.* 709 (40 S. E. 726); *Anderson* v. *Higginbotham*, 174 *Ga.* 565 (163 S. E. 477). In *Pinckney* v. *Weil*, 183 *Ga.* 567 (189 S. E. 8), the widow had set apart to her as a year's support the equity in property on which the husband had outstanding a security deed. It was canceled by the holder, and the wife gave a new deed to secure the amount due on the husband's debt and an additional sum of $500 then advanced to her by the holder. When the $500 had not been repaid, the holder of the deed was proceeding to foreclose, and the widow as in the present case sought injunction and to be relieved from liability. In holding that the widow could not prevail, the court stated: "Therefore, where a debt is secured by a deed which would be superior to a year's support, and in one transaction that deed is canceled, and another deed taken to the same premises from the beneficiary of the year's support, the second deed would also be superior to the year's support, and it would be inequitable to enjoin the creditor from collection of his debt out of the premises conveyed to him under the circumstances set forth." See *Smalley* v. *Bassford*, 191 *Ga.* 642 (13 S. E. 2d,      ). The widow in the transaction now under review was protecting and not disposing of her year's support. Accordingly it was error to direct a verdict in her behalf.

*Judgment reversed. All the Justices concur.*