JOHN M. HUIE *et al.*, plaintiffs in error, *vs.* SARAH E. LOUD, defendant in error.

M. purchased of W. a tract of land on time, giving his note for the purchase money, and taking the vendor's bond for titles, went into the possession of the same, made valuable improvements upon the land, and afterwards L., a married woman, purchased the property as her separate estate from M., and paid the original purchase money to W., the original vendor, who executed a deed to M., and M., the first purchaser of the land, executed a deed to L., the married woman, receiving the sum of $31,000 00, in Confederate money. Subsequently the land was levied on to satisfy a judgment obtained against M., the first purchaser of the land from W., in favor of H., and was advertised for sale as the property of M. L. filed her bill on the equity side of the Court, enjoining the sale, and praying a perpetual injunction against the sale thereof, on the ground that, in view of the facts of the case, the land was not subject to be sold in satisfaction of the creditor's judgment. The Court below decreed a perpetual injunction:

*Held:* that the judgment of the Court below, perpetually enjoining the judgment creditor, was error; that the Court below, upon the state of facts presented, should have ordered and decreed that the land be sold, and out of the proceeds of such sale, Mrs. L. be *first* paid the amount of the original purchase money, to which W. would have been entitled under his contract, with interest thereon up to the time of sale, and that the balance of the proceeds of the sale of the land be paid to the judgment creditors of M., according to their legal priority, in existence prior to Mrs. L.'s purchase of the land.

Equity. Injunction. Decided by Judge COLLIER. From Clayton county.

The bill made the following case: James H. Waldrop sold to Wiley P. Mangum north quarter of lot No. 242, on credit, giving bond for titles, and taking Mangum's note for the purchase-money. This note was not paid, Jas. F. Johnson, Esq., was employed to collect it. On the 4th July, 1862, said Waldrop made a regular fee-simple conveyance of said land to said Mangum, and delivered it to said Johnson, as Waldrop's attorney. This deed was so made and left, when Waldrop was going to the army, and in order that Johnson could, by levy and sale, enforce the lien on the land for the purchase-money.

Johnson was about to do this, when, to-wit: on 9th Nov-

ember, 1863, P. H. Loud, as agent for his wife, Sarah E. Loud, (who held a separate estate,) agreed with Johnson, as attorney of Waldrop, and A. S. Mangum, as agent for said Wiley P. Mangum, that Loud, as agent, should purchase said land, and "be subrogated to all the rights and equities of the said Waldrop," by paying to Johnson, as such attorney, said purchase-money due Waldrop. In pursuance of this agreement, Johnson transferred to said Loud, as agent for his wife, said judgment. Loud, supposing it to be a judgment for the full amount of the purchase-money aforesaid and costs, paid the full amount and costs to Johnson, as attorney. However, there never was a judgment thereon, except for costs. Johnson delivered said deed to Loud. Afterwards, on the 9th of November, 1863, said W. P. Mangum, in consideration of $3,750 00, by her paid to him and to Johnson, as aforesaid, conveyed said land in fee to Mrs. Loud. She took said deed, she says, to make the chain of title complete. At said date, W. P. Mangum was insolvent, and since absconded, and removed to Louisiana. He never was in possession of said land, and yet John M. Huie has levied on it a *fi. fa.*, in his favor, against said W. P. Mangum, A. S. Mangum *et al.*, founded upon a judgment obtained at May Term, 1862, of Clayton Superior Court, and was proceeding to sell said lot thereby.

The prayer was, that Huie be enjoined from selling said land, and that Wm. T. Waldrop, administrator of J. H. Waldrop, be compelled to convey the land to Loud, as trustee for his wife.

Injunction was ordered by Hiram Warner, then Judge of the Superior Courts of the Coweta circuit. The answer did not deny nor admit the statements of the bill. At the trial, it was agreed that Judge Collier, then presiding, should hear testimony, and decide, both as to the law and facts of the case, and direct a decree accordingly.

After reading the pleadings aforesaid, said P. H. LOUD testified, that in 1860, as agent or trustee for his wife, he bought of A. S. Mangum, as agent for W. P. Mangum, said land, giving therefor $3,700 00, in Confederate currency,

out of which he paid Johnson, for Jas. H. Waldrop, about $600 00, that being the amount of a claim for purchase-money, which Loud understood Johnson held, as attorney for said Waldrop; that Johnson then delivered to him said first mentioned deed; that he afterwards took said second deed from Mangum, and had both of them recorded. He testified, that he paid for the said lot with the separate funds of his wife, and specified the buildings and improvements thereon.

JAMES F. JOHNSON, examined, testified that he had the note for collection, etc., as stated; that when Mangum bought the lot, it was unimproved, but that Mangum's father (the old man lived there—W. P. Mangum was in the army,) had improved it; said deed was delivered to Johnson, as Waldrop's attorney; was never delivered to W. P. Mangum, nor to any one for him, nor had been filed in the Clerk's office; Mangum never paid any part of the purchase-money; but it was all paid by Loud, as trustee for his wife, and the deed was delivered to Loud, as trustee, he having stepped into Mangum's shoes; paid Mangum a profit on his bargain with Waldrop, and paid off, and discharged Mangum's liability to Waldrop for the purchase-money.

The Judge directed the jury to sign a decree that Huie's *fi. fa.* be perpetually enjoined. Of this, complaint is here made.

TIDWELL & FEARS, HUIE, for plaintiffs in error.

M. ARNOLD, for defendant in error.

WARNER, J.

The questions of law, and the facts involved in this case, were, by agreement, submitted to the Chancellor in the Court below, who, upon consideration of the same, directed the jury to sign a decree perpetually enjoining Huie, the judgment creditor, from collecting his *fi. fa.* out of the property claimed by Mrs. Loud. This judgment of the Court is assigned for error here. The facts in the case, as presented by the record,

are in substance as follows: Mangum purchased of Waldrop a tract of land on credit, giving his note for the purchase money, taking Waldrop's bond for titles, went into the possession of the same, and made valuable improvements thereon. Afterwards, Mrs. Loud, a married woman, purchased the property from Mangum, as her separate estate, and paid the amount of the original purchase money due from Mangum to Waldrop. Whereupon, Waldrop executed and delivered a deed to the land to Mangum, and Mangum executed a deed conveying the land to Mrs Loud, receiving from her, as the consideration therefor, the sum of thirty-one hundred dollars in Confederate money. Subsequently, the land was levied on to satisfy a judgment obtained against Mangum in favor of Huie, and was advertised for sale as the property of Mangum. Mrs. Loud filed her bill enjoining the sale, and prayed a *perpetual* injunction against the sale of the property under Huie's judgment and *fi. fa.*

The question in the case is, whether Mangum had such an *interest* in the land and improvements thereon as was subject to levy and sale in favor of his judgment creditors ? In our judgment, after the payment of the original purchase money, with interest due thereon up to the time of such payment, by Mrs. Loud, in discharge of the Waldrop debt, she acquired all the rights which Waldrop had in the land, and no more, as against Mangum's *judgment creditors.* If the land and improvements put thereon by Mangum was worth more than the amount of the Waldrop debt paid by Mrs. Loud, such excess of value of the property was subject to the payment of the judgments obtained against Mangum *prior* to the sale of the property by Mangum to Mrs. Loud.

In view of the facts of this case, it is our opinion and judgment, that the Court below should have ordered and decreed a sale of the property, and that out of the proceeds of such sale, Mrs. Loud be *first* paid the amount of the original purchase money to which Waldrop would have been entitled under his contract, with interest thereon up to the time of sale, and that the balance of the proceeds of the sale of the land be paid to the judgment creditors of Mangum, accord-

ing to their legal priority, in existence anterior to Mrs. Loud's purchase of the land from Mangum.

Let the judgment of the Court below be reversed.