### Rasin *vs.* Swann, Stewart & Company.

Where, upon the sale of a mule, the purchaser gave to the vendors a promissory note for the price thereof, and in the same writing gave to them a mortgage on the property to secure the purchase money, waiving homestead, etc., and where, upon failure of payment, the mortgage was foreclosed, the mule sold, and the proceeds brought into court, the execution based on the foreclosure

of the mortgage for the purchase money had precedence of an older execution in favor of a third person against the purchaser; and on a rule against the constable, the fund was properly awarded to the holders of the mortgage *fi. fa.*

January 13, 1888.

Mortgages. Liens. Money Rule. Executions. Before Judge BOYNTON. Newton Superior Court. March Term, 1887.

Reported in the decision.

J. F. ROGERS, for plaintiff in error.

CAPERS DICKSON, by brief, for defendants.

SIMMONS, Justice.

It appears from the record in this case that J. R. Duke, on December 4th, 1883, purchased a mule from Swann, Stewart & Company, giving his promissory note, payable on the 1st of November thereafter, for the purchase money of said mule; and in the same writing giving a mortgage to the vendors on said mule to secure the purchase money thereof, waiving homestead, etc. Upon maturity of the note, Duke failed to pay part of the purchase money for the mule, and Swann, Stewart & Company foreclosed their mortgage, and had an execution issued thereon and levied on the mule, which was sold by the constable under said execution in November, 1884. It appears also that, in October, 1882, Rasin had obtained a judgment against Duke, and upon the date of the sale of the mule, placed his execution in the hands of the constable with directions not to pay to Swann, Stewart & Company the money arising from the sale of the mule, but to pay it upon his *fi. fa.*, which was over a year older than the execution of Swann, Stewart & Company. A rule was brought against the constable to determine which one of these *fi. fas.* was entitled to the money, the older *fi. fa.* of Rasin, or the mort-

gage *fi. fa.* of Swann, Stewart & Company for the purchase money. Upon the trial of the case in the magistrate's court, he directed the money paid to Swann, Stewart & Company. Rasin filed his writ of *certiorari* to the superior court of Rockdale county, alleging error in the judgment of the magistrate in awarding the money to Swann, Stewart & Company, and claimed that he ought to have awarded it to his execution because older than the mortgage execution of Swann, Stewart & Company. Upon the hearing of the case in the superior court, the judge overruled the *certiorari* and affirmed the judgment of the magistrate; to which ruling Rasin excepted, and brings the case here.

The only question in this case is, whether the court below erred in affirming the ruling of the magistrate awarding the money to the purchase money mortgage of Swann, Stewart & Company. The purchase of the mule by Duke, and the giving of the mortgage to secure the purchase money to Swann, Stewart & Company, were one and the same transaction; indeed, the note and mortgage are embraced in the same writing. The presumption is, that Swann, Stewart & Company would not have sold Duke the mule unless he had given this mortgage to secure the purchase money. When Duke, therefore, got possession of the mule, he took it subject to this charge upon the property. For aught that appears in the record, Swann, Stewart & Company credited him exclusively upon the faith of the property. They sold him the mule on condition that it was to stand as a security for the purchase money. All the right that Duke got to the mule was such an interest therein as was consistent with the liability of the mule to be sold for the payment of the purchase money; and this right, subject to the payment of the purchase money, was, in our opinion, all that the judgment of Rasin could bind. It could only bind the interest or right of Duke after the purchase money was paid. We hold, therefore, that the court below committed no error in

awarding the money to the purchase money mortgage of Swann, Stewart & Company, and that it had a priority over Rasin's judgment, although his was older than the lien for the purchase money. It would have been inequitable and unjust to have held otherwise. *Scott, Carhart & Co. vs. Warren and Spicer*, 21 *Ga.* 408.

Judgment affirmed.