### Achey *v.* Coleman & Ray.

| 92  | 745 |
|-----|-----|
| 119 | 270 |

| 92  | 745 |
|-----|-----|
| 120 | 384 |

Where one having no title to land agrees upon a contract for its purchase, and before paying any part of the purchase money, or acquiring title, contracts with a third person for a loan of money with which to pay for the land, agreeing to convey it by defeasible deed to the lender as security for the loan, and both contracts are executed at the same time, the borrower receiving from his vendor a conveyance in fee, paying therefor with the money borrowed, and himself executing to the lender his defeasible deed as security, the lender has, in equity, a right to repayment of the loan out of the land or its proceeds in preference to judgment creditors whose judgments were in existence prior to and at the time of the transaction. Executions founded upon these judgments having been levied upon the land and a claim interposed by the lender, it was error to strike an equitable plea filed by her in aid of her claim, and setting forth specifically the facts upon which her equity, as above indicated, rested.

January 8, 1894.

Levy and claim. Before Judge Bartlett. Crawford superior court. March term, 1893.

W. S. Wallace, for plaintiff in error.

Simmons, Justice.

Land levied upon under a judgment against Bowman was claimed by Mrs. Achey, and an equitable petition was filed by her in aid of her claim. To this petition the plaintiffs interposed a general demurrer, which the court sustained. The plaintiffs put in evidence the *fi. fa.* and the entries thereon, the entry of levy reciting that Bowman was in possession at the time of the levy. The claimant introduced no evidence, and the court directed a verdict finding the property subject. The claimant excepts to the court's action in sustaining the motion to strike the petition and in directing the verdict.

It appeared from the petition that the land originally belonged to one Blasingame, and that Bowman contracted with Blasingame for its purchase, and in order to make the purchase, entered into a contract with Mrs. Achey for a loan of the purchase money, she agreeing to furnish the whole amount, and Bowman agreeing that upon taking title from the owner to himself, he would execute a defeasible deed to her as security for the sum advanced; and this agreement was carried into effect. Blasingame's deed to Bowman, although dated and signed several days before that of Bowman to Mrs. Achey, was not to go into effect, and was not actually delivered, until the purchase money was paid; and the money was paid and Bowman's deed to Mrs. Achey executed at one and the same time.

Under this state of facts, Mrs. Achey had in equity a right to repayment of the loan out of the land or its proceeds in preference to the judgment creditors. The existence of their judgments when the legal title passed through the debtor gave them no hold upon it to the exclusion of one who paid for the land and took the title as a part of the same transaction by which the debtor obtained title, both deeds going into effect together upon that person's payment of the purchase money. The case falls within the principle of the decision in *Scott, Carhart & Co.* v. *Warren,* 21 *Ga.* 408. It was there held that " in the case of a sale and conveyance of land, and a mortgage taken at the same time in return, to secure the payment of the purchase money, the deed and the mortgage are considered as parts of the same contract, constituting one act; and justice and policy equally require that no prior judgment against the mortgagor should intervene and attach upon the land during the temporary seizing, to the prejudice of the mortgagee." See also: *Huie* v. *Loud,* 38 *Ga.* 191; *Rasin* v. *Swann,* 79 *Ga.* 703; *Tuttle* v. *Bank,* 90 *Ga.*

653; Jones on Mortgages (1889), §466. In the case from which we have quoted the mortgage was to the vendor, but the principle is the same if the mortgage is to another than the vendor, who actually advances the means to pay the purchase money. Jones on Mortgages, *supra*, and cases cited. See especially, Curtis *v.* Root, 20 Ill. 53; Jackson *v.* Austin, 15 Johns. (N. Y.) 477; Heywood *v.* Nooney, 3 Barb. (N. Y.) 643; Clark *v.* Munroe, 14 Mass. 351; Kaiser *v.* Lembeck, 55 Iowa, 244. In *Huie* v. *Loud*, 38 *Ga. supra,* a purchaser of the land, who had given his note for the purchase money, and had taken a bond for titles and gone into possession and made valuable improvements, sold the land to a person who paid the original vendor the purchase money due him by the first purchaser, the original vendor thereupon executing a deed to the first purchaser, and the latter executing one to the second purchaser. Subsequently the land was levied on under a judgment against the first purchaser, which was in existence at the time the deed to him was made. The court held that upon the payment of the original purchase money by the second purchaser, the latter acquired all the rights which the original vendor had in the land, as against the judgment creditor of the intermediate purchaser; and that the proper course, under these circumstances, was to decree that the property be sold, and that out of the proceeds the second purchaser be first paid the amount paid by him to the original vendor, with interest thereon to the time of such sale, the judgment creditor to be paid out of the residue if there should be any.

In the present case Mrs. Achey, in her equitable petition, prays that a similar course be pursued; that is to say, that the court decree a sale of the land and the payment of her loan out of the proceeds, the residue to be paid to the judgment creditor and the debtor.

From what we have said it follows that the court

erred in sustaining the demurrer to the petition, and in directing a verdict for the plaintiff. *Judgment reversed.*