Courson *v.* Walker.

94 175
e120 385

1. The rule announced in *Rasin* v. *Swann, 79 Ga.* 703, to the effect that a mortgage to secure purchase money, the mortgage being executed simultaneously with the purchase, has priority over the lien of an existing judgment against the purchaser and mortgagor, applies as well where a part of the purchase money is paid and the mortgage is to secure the balance, as where none of the purchase money is paid and the mortgage is for the whole. Failure to record the mortgage, certainly where the failure does not continue as much as thirty days after its execution, will not affect its lien, relatively to a prior judgment.

2. There is no law requiring the execution which issues upon the foreclosure of a mortgage on personalty to be entered on the general execution docket in order to preserve the lien of the mortgage.

July 23, 1894.

Money rule. Before Judge Hunt. Hancock superior court. August term, 1893.

On rule to distribute a fund raised by sale of mules under mortgage *fi. fa.*, the fund was awarded to the mortgagee in preference to the holder of common law *fi. fas.* from a justice's court, the lien of the mortgage *fi. fa.* being for the purchase money of the mules sold. The following appears from the evidence: The mortgage was from J. M. Courson to W. A. Walker, dated at Milledgeville, Ga., February 11, 1891, filed for record in Hancock county on February 18, 1891, and recorded on the next day in the clerk's office of that county. It promised to pay Walker, on October 11, 1891, $291.25 for five mules, describing them, "this day purchased of him. It is expressly understood that said W. A. Walker does not warrant the health, soundness and life of said mules. And to secure this debt to said W. A. Walker, I hereby mortgage to him, for purchase of said mules, the mules this day bought of him, . . and certify that there are no other claims on said mortgaged property, nor judgments against," etc. On this mortgage was a credit for $115, dated March, 1891. The *fi. fa.* from the foreclosure of this mortgage issued from Hancock county court, November 20, 1891, and was levied on the next day. (The bill of exceptions recites that this *fi. fa.* was not recorded in the clerk's office of the superior court of said county.) The sheriff testified, that the fund was realized from the sale of the mules described in the mortgage. On the day of sale and prior to the sale, T. N. Courson placed in his hands as sheriff four justice's court *fi. fas.* in favor of T. N. Courson *v.* J. M. Courson, each for $50 besides interest and costs, and dated April 13, 1888; claiming the proceeds of the sale. (These four *fi. fas.* were in evidence.) Walker testified, that the mules sold were those he sold to Courson, and Courson executed the mortgage on them and delivered it to him at the time he delivered the mules to Courson. Courson paid half cash, and gave his note and mort-

gage for the balance. Witness would not have sold the mules without the cash payment or without the mortgage for the balance; the cash and the mortgage together constituted the whole consideration of the sale.

R. H. LEWIS, by brief, for plaintiff in error.

JORDAN & BURWELL and WHITFIELD & ALLEN, *contra.*

SIMMONS, Justice.

1. This case is controlled by the decision in *Rasin* v. *Swann, Stewart & Co.*, 79 *Ga.* 703, where it was held that a mortgage to secure purchase money, the mortgage being executed simultaneously with the purchase, has priority over the lien of an existing judgment against the purchaser and mortgagor. Counsel for the plaintiff in error sought to take this case out of the ruling in that case, on the ground that in that case none of the purchase money was paid, while in the present case part of the purchase money was paid at the time of the sale. He contends that inasmuch as part of the purchase money was paid, the mortgagor got a complete title to the mule, and by reason of his having this title, the property became subject to judgments against him older than the mortgage. We think the reasoning of the court in the decision above referred to applies as well where a part of the purchase money is paid as where none of it is paid. In that case the court said: " The presumption is that Swann, Stewart & Co. would not have sold Dukes the mule unless he had given this mortgage to secure the purchase money. . . . For aught that appears in the record, Swann, Stewart & Co. credited him exclusively upon the faith of the property. They sold him the mule on the condition that it was to stand as a security for the purchase money." So far as the failure to record the mortgage is concerned, we do not think such failure affects the lien of the mortgage relatively to a prior judgment; certainly not where a fail-

ure to do so does not continue as much as thirty days after its execution.

2. There is no law requiring the execution which issues upon the foreclosure of a mortgage on personalty to be entered on the general execution docket in order to preserve the lien of the mortgage. The recording act of 1889 does not apply to such executions.

*Judgment affirmed.*