# PROTESTANT EPISCOPAL CHURCH OF THE DIOCESE OF GEORGIA *v.* LOWE COMPANY.

Where land is conveyed by a vendor to a purchaser, who simultaneously conveys it to another as security for a loan of money used in discharging the purchase-price of the land, the two conveyances being parts of one transaction, the title passes through the borrower without being affected, as against the lender, by the lien of a judgment against the borrower which would have attached had the title remained in him. This principle applies as well where a part of the purchase-money is paid, and the security deed is given to secure the balance, as where none of the purchase-money is paid, and the security deed is given to secure the whole.

Argued May 19,—Decided December 15, 1908.

Claim. Before Judge Pendleton. Fulton superior court; December 18, 1907.

A fi. fa. in favor of E. E. Lowe Company against Mrs. Lillie Greer and others was levied upon certain real estate in the city

of Atlanta, and the Protestant Episcopal Church of the Diocese of Georgia filed a claim to the property. In aid of its claim the claimant filed an equitable petition, in substance as follows: On November 10, 1906, Mrs. Julia K. Greer applied to petitioner's agent for a loan of money to pay the purchase-money on the land upon which the levy was made, the purchase-money being due to Mrs. Mollie H. Miller, the owner of this property. John A. Miller, on September 23, 1901, had given a bond for title for said property to certain named obligees, and these obligees, on November 4, 1903, had transferred their interest in the bond to Julia K. and Lillie Greer, and the purchase-money notes and legal title securing the same were allotted to Mrs. Mollie H. Miller as her distributive share of her husband's estate, and on November 10, 1906, there was due thereon more than $3,500 by the transferees of the bond for title. None of these facts were known to petitioner up to the time of making the loan for the payment of the balance of the purchase-money, except that Mrs. Miller was the legal owner of the property, and Mrs. Julia K. Greer was obtaining the loan for the purpose of paying the purchase-money and taking the legal title from Mrs. Miller and executing to claimant a security deed for the repayment of the same. On November 10, 1906, the parties met to complete the transaction. Mrs. Miller produced a warranty deed to the property to Lillie and Julia K. Greer, dated November 10, 1906, and at the same time there was produced by Julia K. Greer a warranty deed to a one-half undivided interest in the property from Mrs. Lillie Greer to Mrs. Julia K. Greer. Contemporaneously with the delivery of these deeds, and as a part of the same transaction, Mrs. Julia K. Greer made and executed to petitioner, the claimant, a security deed in fee simple, dated November 10th, 1906, to secure this loan for three thousand dollars, due five years after date, with interest at seven per cent. per annum, payable semi-annually, and petitioner then and there paid the three thousand dollars to Mrs. Mollie H. Miller as purchase-money for the said property. The deeds from Mrs. Miller to Mrs. Lillie Z. and Julia K. Greer, and from Mrs. Lillie Z. Greer to Mrs. Julia K. Greer, and from Mrs. Julia K. Greer to the claimant (petitioner) were all executed and delivered simultaneously and as parts of the same transaction, and to make payment for the land. The deeds were duly filed for record at the same time, and were duly

recorded in the records of Fulton county. The execution against Mrs. Lillie Greer, which was levied upon this property, was issued upon a common-law judgment obtained on June 6, 1906, which was upon that day duly entered upon the general execution docket of Fulton county, being thus prior in time to the record of claimant's deed, but at the time this execution was entered upon this docket the defendant Lillie Greer had no leviable interest in the property, and the deed from Mrs. Miller to her and Julia K. Greer gave her only instantaneous title to the property for the purpose of paying the purchase-money; and in justice and in equity the right of the claimant to the property is superior to the right of the plaintiff in execution. Claimant prayed for a decree that this land is not subject to plaintiff's fi. fa. but that the right of claimant is superior thereto; that claimant be subrogated to the rights of Mrs. Miller, to whom the purchase-money was paid; and that, if necessary, the land be sold and plaintiff's claim for the purchase-money be first paid. Plaintiff in fi. fa. moved to dismiss the petition, upon the ground that it set out no good and valid claim either in law or equity; and moved to strike those portions thereof which alleged that claimant's lien was superior, and so much thereof as sought to set up subrogation. The court sustained this motion, on the ground that the petition set up no equity as against plaintiff in fi. fa., and the claimant filed exceptions pendente lite, complaining of this ruling. The case proceeded to trial before the judge without a jury, and, upon the introduction of the fi. fa. and levy by the plaintiff, and the deeds above set out by the defendant, rendered a judgment finding the property subject. A motion for new trial was filed upon the general grounds, which being refused, claimant excepted. The errors complained of are the dismissal of the petition and the refusal of a new trial.

*C. L. Pettigrew,* for plaintiff in error.

*Jerome R. Moore* and *Moore & Pomeroy,* contra.

EVANS, P. J. (After stating the facts.) The court erred in striking the claimant's equitable petition in aid of its claim. A purchase-money mortgage, executed with the deed of purchase, excludes any claim or lien arising through the mortgagor. It makes no difference that the purchase-money mortgage may be made to a third person who advances the purchase-money at the time the purchaser receives his conveyance. Such mortgage is en-

titled to the same preference over a prior judgment as it would
have had if it had been executed to the vendor himself, where it
appears that all the acts of the parties are parts of one transac-
tion. In its legal effect it is the same as though the purchaser had
executed a mortgage to the vendor for the purchase-money, and
had assigned it to the party advancing the money. *Scott* v. *Warren,*
21 *Ga.* 408; *Rasin* v. *Swann,* 79 *Ga.* 703 (4 S. E. 882) ; Jones on
Mortgages, §§470, 472. This applies as well where a part of the
purchase-money is paid, and the mortgage is to secure the balance,
as where none of the purchase-money is paid and the mortgage is
for the whole. *Courson* v. *Walker,* 94 *Ga.* 175 (21 S. E. 287).
The principle is the same whether the form of security be a mort-
gage or a deed to secure a debt. *Achey* v. *Coleman,* 92 *Ga.* 745
(19 S. E. 710). The case of *Huie* v. *Loud,* 38 *Ga.* 191, is not op-
posed to this view. In that case it appeared that Mangum had
purchased of Waldrop a tract of land on time, giving his note for
the purchase-money, and taking the vendor's bond for titles, went
into possession, and made valuable improvements upon the land;
and afterwards Mrs. Loud purchased the property from Mangum,
and paid the original purchase-money to Waldrop, the original ven-
dor, who executed a deed to Mangum, and Mangum executed a
deed to Mrs. Loud, receiving the purchase-money from her. Sub-
sequently the land was levied on to satisfy a judgment against Man-
gum; and Mrs. Loud filed her bill in equity to enjoin the sale, on
the ground that the land was not subject to be sold under this
judgment. It was held that the court should have decreed a sale
of the property, and from the proceeds Mrs. Loud should be first
paid the amount of the original purchase-money to which Waldrop
would have been entitled under his contract, with interest to the
time of sale, and the balance be applied to Mangum's judgment
creditors. The superiority of the purchase-money claim over the
judgment lien was distinctly recognized; but as the interest of a
vendee under bond for title was leviable at that time, the land
was ordered to be sold. Since the rendition of that decision the
act of 1894 was passed (Civil Code, §§5432-5434), and now the
interest of an obligee in a bond for title is not subject to levy with-
out first tendering the amount due upon the purchase-money. *Burk-
halter* v. *Durden,* 122 *Ga.* 427 (50 S. E. 144) ; *Shumate* v. *McLen-
don,* 120 *Ga.* 397 (48 S. E. 10). The only differences in the case

now before us, and that of *Achey* v. *Coleman,* supra, are that in the *Achey* case it did not appear that any part of the purchase-money had been paid by the obligee in the original bond; and in that case there was but one obligee in the bond for title, while in the present case there were two obligees in the original bond for titles, and but one of these made the deed of conveyance to the claimant, the other having made her deed to the claimant's grantor. It was said in the opinion in the *Achey* case, that "the existence of their [plaintiffs in fi. fa.] judgments when the title passed through the debtor gave them no hold upon it to the exclusion of one who paid for the land and took the title as a part of the same transaction by which the debtor obtained title, both deeds going into effect together upon that person's payment of the purchase-money." The test therefore seems to be whether the transfer of title is one and the same transaction, rather than the form in which or the person through whom the transfer occurs. The equitable petition in aid of the claim alleged that all these deeds were delivered at one and the same time, and as parts of one and the same transaction, and for the sole purpose of putting the title into claimant in order to induce it to advance the purchase-money, and that all the money so advanced was paid to Mrs. Miller in settlement of the balance due on the purchase-money. Under these circumstances the plaintiff in fi. fa. could not levy its fi. fa. upon the property, to satisfy a claim against Mrs. Lillie Greer, until it had tendered to the claimant the amount of its debt.

It is unnecessary to discuss the general grounds of the motion for a new trial, as claimant was cut off from the introduction of proof of its plea when the same was stricken.

*Judgment reversed. All the Justices concur.*