## MISSOURI STATE LIFE INSURANCE COMPANY *v.* BARNES CONSTRUCTION COMPANY *et al.*

1. The paper executed between Lawton, Jordan & Company and the Barnes Construction Company created a lien upon the realty described, and was properly held by the court below to be a mortgage.

2. Where a mortgage upon realty was signed with the name and seal of the mortgagor corporation, followed by the signature of its president, "in presence of" two witnesses whose names were signed, without indication of official character, on the left of the paper and opposite the other signatures, and at the same time and in connection with the execution of the mortgage one of the two attesting witnesses, after certifying that the president of the corporation had acknowledged its execution, signed the certificate officially, the signature in the attestation clause will be considered in connection with the official signature to the certificate, and the attestation will be considered as having been signed by the official in his official capacity. And that being true, the paper was properly admitted to record.

3. Where A sold property to B, giving a bond for title, and B subsequently created a mortgage lien thereon in favor of C, after which A conveyed the property to B so that B might pass the title to D, who made a loan thereon with which to pay the purchase-money, but, under an agreement between A and B, the latter retained a part of the loan, executing at the same time a deed to A to secure the payment to him of the part of the money loaned by D which B retained, C's mortgage lien attached as against A, and A's lien was inferior to the lien of D.

No. 269.   FEBRUARY 16, 1918.

Equitable petition. Before Judge Mathews. Bibb superior court. March 6, 1917.

Barnes Construction Company filed a petition seeking equitable relief, the appointment of a receiver, and the establishment of the priority of certain liens, and named B. T. Adams and the Missouri State Life Insurance Company as defendants. Lawton, Jordan &

Company, a corporation, having been adjudicated a bankrupt, was not named as a defendant. The petitioner had installed a sprinkler system in a building occupied by Lawton, Jordan & Company. The payments for this system were to be made by the latter company in instalments at stated periods, and notes for them were executed on April 8, 1914. At the same time a contract was signed by the Barnes Construction Co. and Lawton, Jordan & Co., containing stipulations creating a lien upon the premises and upon the equipment constituting the sprinkler system, there being provisions allowing Barnes Construction Company to remove said equipment. At the time of the execution of this contract Lawton, Jordan & Company was in possession of the realty under bond for title. On June 25, 1915, B. T. Adams, who was the owner of the realty and had sold it to Lawton, Jordan & Company, executed a deed to that corporation, which at the same time executed a security deed passing title to the Missouri State Life Insurance Company to secure a loan of $12,500. Simultaneously Adams took a security deed from Lawton, Jordan & Company to secure a balance of $3,500 due him as purchase-money, it being recited in this deed that it was taken subject to the deed given by Lawton, Jordan & Company to the Insurance Company. Lawton, Jordan & Company did not pay to Adams the 'full amount of the loan procured from the Insurance Company, but only $6,500, giving Adams a security deed for the balance of the purchase-money.

After hearing evidence the judge (who heard the case without the intervention of a jury) found and adjudged that the instrument executed by Lawton, Jordan & Company to Barnes Construction Company was a mortgage upon the premises described, that it was so executed as to entitle it to record, and that it thus became constructive notice to the Insurance Company; that the security deed to the Insurance Company was a first lien upon the real estate to the amount of $6,500; that the security deed to B. T. Adams for $3,500 was a lien superior to that of Barnes Construction Company, as well as to the balance of $6,000 due to the Insurance Company, and ranked second in priority; that the claim of Barnes Construction Company ranked third in priority; and that the remaining $6,000 of indebtedness to the Insurance Company ranked fourth, and stood as a lien to the amount of any excess. To this judgment the Missouri State Life Insurance Company excepted,

contending that priority should have been given to its claim in full, to enforce which it had instituted suit. It excepted also to the admission in evidence of the instrument giving a lien to Barnes Construction Company, insisting that this instrument was not a mortgage, and that for want of legal attestation it had not been properly admitted to record.

*Warren Roberts* and *L. D. Moore,* for plaintiff in error.

*Little, Powell, Smith & Goldstein, Harris, Harris & Witman,* and *Martin & Martin,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The paper executed between Lawton, Jordan & Company and Barnes Construction Company created a lien upon the realty described, and was properly held by the court to be a mortgage.

2. The court did not err in admitting in evidence the instrument which the Construction Company insisted comprised, among other things, a mortgage giving it a lien upon the premises in which it had constructed the sprinkler system. The mortgage was signed in the following manner:

"In presence of        Lawton, Jordan & Company [Corporate

"C. G. Adams.        By R. F. Lawton, President.        Seal].

" J. E. Adams.        Attested and countersigned,

By W. T. Lawton, Secretary & Treas."

And the instrument was similarly executed by Barnes Construction Company, by H. L. Barnes as Secretary and General Manager. Below this, executed on the same date and presumptively at the same time, appear certain "acknowledgments." One is signed by R. F. Lawton and attested by C. G. Adams and J. E. Adams. Immediately following this, on the same date and writing, is another acknowledgment by R. F. Lawton, attested as follows: "C. G. Adams, Notary Public, Bibb County, Georgia. (Seal.)" And following this is still another sworn statement by W. T. Lawton, attested as follows: "C. G. Adams, Notary Public, Bibb County, Georgia. (Seal.)"

In the case of *Truluck* v. *Peeples,* 1 *Ga.* 3, the sufficiency of the following attestation of a deed to land was in question:

"Signed, sealed, and delivered                his

        in presence of                James  x  Mathews [Seal].

"Wright Sanders.  Thomas Sanders."        mark

"Acknowledged in the presence of me.  Wiley Pearce, J. P."

This instrument was held to be admissible in evidence without further proof; and it was further held, that the court would presume that the acknowledgment before the magistrate was made where it purported to have been made, and at the time it purported to bear date, in the absence of proof to the contrary; and that it is to be presumed, till the contrary is proved, that every man obeys the mandates of the law, and performs all the official duties imposed upon him by law. In the case of *Dinkins* v. *Moore,* 17 *Ga.* 62, it was said: "A deed witnessed thus: 'In the presence of Theodore Guerry, Thos. Bivins, J. P.,' is sufficiently attested to admit it to record; and the conclusion of law, from this general form of attestation, is that the subscribing witnesses saw the grantor sign, seal, and deliver the deed, for the purposes therein mentioned." See also *Stanley* v. *Suggs,* 23 *Ga.* 137. The official signature of C. G. Adams to the certificate made in connection with the execution of the instrument under consideration, apparently made at the same time, affords presumption that he was acting officially on the occasion of the execution of the paper. And considering the signature of the witness in the attestation clause to the mortgage and the certificate following, we are of the opinion that there was attestation by C. G. Adams in his official capacity.

3. But in regard to the priority of the liens of the different parties to this case, we are of the opinion that the claim of the Insurance Company ranks first. When Adams executed a deed to Lawton, Jordan & Company, thereby putting title in that company, so that it might by deed pass title to the Insurance Company, which thereupon made a loan with which Lawton, Jordan & Company might pay off the balance of the purchase-money due to Adams, all of these transactions being contemporaneous and constituting a single transaction, the lender took the place of Adams relatively to the priority of its claim under its security deed, and is entitled to have its claim paid in full before Adams, and, to the amount of purchase-money, before the claim of Barnes Construction Company. *Achey* v. *Coleman,* 92 *Ga.* 745 (19 S. E. 710) ; *Protestant Episcopal Church* v. *Lowe,* 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243). But the last-named claim stands second in the order of priority, and should be satisfied ahead of the claim of Adams, who permitted a part of the money loaned by the

Insurance Company to Lawton, Jordan & Company to remain in the hands of that company, taking from it a security deed; and when he did so, this constituted a new transaction as between him and Lawton, Jordan & Company, and the lien of Barnes Construction Company attached to the premises as against Adams. We think the court erred in failing to allow the Insurance Company a priority for the full amount of money which it let Lawton, Jordan & Company have to pay off the balance of the purchase-money; and no deduction will be made therefrom of the amount which Adams allowed to remain in the hands of the latter company. It follows from what we have said that the findings of the court must be reversed and the decree be set aside, so that the priority of liens can be adjusted in accordance with what we have ruled.　　　　*Judgment reversed. All the Justices concur.*