## DECATUR BANK AND TRUST COMPANY *v.* ARNOLD.

GILBERT, J. 1. The court did not err in overruling the demurrer to the petition. *Achey* v. *Coleman,* 92 *Ga.* 745 (19 S. E. 710); *Protestant Episcopal Church* v. *Lowe,* 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243); *Missouri State Life Insurance Co.* v. *Barnes,* 147 *Ga.* 677 (3), 680 (95 S. E. 244).

2. The evidence demanded the verdict, and accordingly the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*

No. 3719. NOVEMBER 27, 1923.

Claim. Before Judge Hutcheson. Clayton superior court. February 21, 1923.

An execution in favor of Bank of Decatur (predecessor of Decatur Bank and Trust Company) against J. H. Wynn, issued from the superior court of Clayton County, was levied upon an "undivided one-half interest" in described land, as the property of J. H. Wynn. D. J. Arnold filed a claim to the property. He also filed an equitable petition in aid of the same, setting up substantially, that the execution levied upon the land was based upon a common-law judgment obtained on February 22, 1916, and entered upon the general execution docket of Clayton County on March 6, 1916; that on January 29, 1920, Arnold negotiated to A. B. Mitcham a loan of five thousand dollars to be used by Mitcham in paying the purchase-price of the land, the title to which was at the time in M. A. Belford; that on February 7, 1920, Belford executed to Mitcham and Wynn a conveyance of the land; that on February 16, 1920, Mitcham and Wynn met with Arnold for the purpose of completing the loan, negotiations for which had, up to that time, been had only with Mitcham; that on said date an agent of Belford delivered to Mitcham the deed made by Belford to Mitcham and Wynn; that at said time Mitcham and Wynn executed and delivered to Arnold a deed conveying the land to secure the $5000 advanced by Arnold for the purchase of the land, and that they also executed their promissory note for the same; that the deed made by Belford to Mitcham and Wynn was never delivered to Wynn; that all of the money for the purchase of the land was furnished by Arnold to Mitcham and paid by Mitcham to Belford; that Arnold paid the amount of the loan to Mitcham by check, and Mitcham gave two checks, one for $100 and another for $4900, in payment for the land; that Wynn was not known to Arnold in the transaction until February 16, 1920; that the deed from Belford to Mitcham and Wynn, while dated February 7, 1920, was not delivered until February 16, 1920; that Wynn never paid any part of the purchase-money; that it was never intended to convey title to Wynn; and that neither Mitcham nor Wynn has had title superior to Arnold for the purchase-money.

The prayers were, that the deed made to Arnold to secure the loan of money used in payment of the purchase-price be decreed to be superior to the lien of the execution mentioned; that Arnold be subrogated to the rights of Belford, to whom the purchase money was paid; that, if necessary, the land be sold and that Arnold be first paid from the funds thus derived. The plaintiff in fi. fa. demurred to the petition upon the grounds: (1) that it is without equity; (2) that the facts set up are insufficient in law to constitute a cause of action; (3) that the facts set up do not entitle plaintiff to the relief prayed nor any other relief, and show that the petition is without equity and insufficient in law to authorize the same to proceed. The answer filed by the bank denied the allegations that the deed from Belford had never been delivered to Wynn, that there was no intention to convey title to Wynn, and that neither Mitcham nor Wynn has had title superior to Arnold. The claimant introduced the testimony of the agent who negotiated the sale on behalf of Belford, to the effect that the negotiations were had with Mitcham; that he received from Mitcham a check for $100 and another for $4900, in payment for the land; and that Mitcham directed that the deed be made to A. B. Mitcham and J. H. Wynn. Also, the testimony of A. B. Mitcham, to the effect that he negotiated the loan from Arnold; that no other person was present or mentioned; that Wynn never paid to Belford or any other person connected with the transaction any of the consideration; that the trade was made at the time the check for $100, dated January 29, 1920, was given. He also introduced in evidence two checks made by A. B. Mitcham to M. A. Belford, one dated January 29, 1920, for $100, the other dated February 16, 1920, for $4900, indorsed and canceled; also, check from D. J. Arnold to A. B. Mitcham, dated February 18, 1920, for $5000, and warranty deed from Belford to Mitcham and Wynn, and loan deed from Mitcham and Wynn to Arnold. The court directed a verdict for the claimant, and decree was entered accordingly. Error was assigned upon exception taken pendente lite to the overruling of the demurrer filed by plaintiff in fi. fa., and to the action of the court in directing verdict and entering judgment.

*J. Howell Green,* for plaintiff.    *O. J. Coogler,* contra.