## LEWIS *v.* BANKS.

ATKINSON, J. 1. A motion to strike an equitable amendment filed by a claimant in aid of his statutory claim, being in the nature of a general demurrer, the overruling of such motion can not be made a ground of a motion for a new trial. *Leathers* v. *Leathers,* 132 *Ga.* 211 (2) (63 S. E. 1118) ; *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190) ; *Lee* v. *McCarty,* 132 *Ga.* 698 (3) (64 S. E. 997) ; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (77 S. E. 623).

2. "A ground of the motion for new trial, assigning error upon the overruling by the court of a motion to rule out evidence, which does not set forth in substance the evidence alleged to be objectionable or attach the same to the motion as an exhibit, is incomplete, and the court will not look to other grounds of the motion nor to the record to complete such ground." *Clare* v. *Drexler,* 152 *Ga.* 419 (3) (110 S. E. 176).

3. Refusal to appoint a receiver on oral motion of a plaintiff in fi. fa., made at the trial of a claim case in which an equitable amendment has been filed in aid of the claim, is not a matter that can be complained of by motion for a new trial.

4. "Where land is conveyed by a vendor to a purchaser, who simultaneously conveys it to another as security for a loan of money used in discharging the purchase-price of the land, the two conveyances being parts of one transaction, the title passes through the borrower without being affected, as against the lender, by the lien of a judgment against the borrower which would have attached had the title remained in him. This principle applies as well where a part of the purchase-money is paid, and the security deed is given to secure the balance, as where none of the purchase-money is paid, and the security deed is given to secure the whole." *Protestant Episcopal Church* v. *Lowe Co.,* 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243) ; *Missouri State Life Insurance Co.* v. *Barnes Construction Co.,* 147 *Ga.* 677 (95 S. E. 244).

5. There was no exception to the direction of the verdict on the ground that there were issues that should have been submitted to the jury. The evi-

dence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 7327. SEPTEMBER 15, 1930.

190

*W. B. Kent,* for plaintiff. *Slater & Moore,* for defendant.