## SMITH *v.* BORDERS.

### No. 7893. JANUARY 16, 1931.

*James W. Arnold,* for plaintiff in error.
*Shackelford & Shackelford,* contra.

HINES, J. On December 24, 1915, Dunston borrowed $500 from Mrs. Stern, and to secure repayment executed to her his deed to a house and lot. This deed was duly recorded. Mrs. Stern simultaneously executed and delivered to Dunston her bond for title, in which she obligated herself to reconvey this property to Dunston when this debt was paid. This bond was attested by a notary public as sole witness. On November 2, 1922, Borders purchased from Dunston this house and lot, in payment therefor surrendering to Dunston four notes which Borders held against him, amounting to $1,800, and assuming payment to Mrs. Stern of the loan she made to Dunston, who on the same day transferred and assigned to Borders his bond for title from Mrs. Stern. On January 18, 1922, Smith instituted suit against Dunston, to recover an indebtedness of $500 principal, besides interest. On May 24, 1923, Smith obtained judgment therein. On August 18, 1923, Dunston con-

veyed this house and lot to Borders by warranty deed which was recorded on August 20, 1923. This deed recited that Dunston, on November 22, 1922, had sold this house and lot to Borders, that on said date Dunston had transferred and assigned his bond for title from Mrs. Stern to Borders, that the bond for title was not properly witnessed so that it could be recorded, that for this reason Borders could not have it and the transfer thereof recorded, that Borders desired a regular deed of conveyance according to the terms of the sale, and that in consideration of the premises and the consideration above named Dunston conveyed this house and lot to Borders. On May 2, 1927, Mrs. Stern executed and delivered to Borders a quitclaim deed to this property. This deed recited that it was made in compliance with a bond for title executed by the grantor to Dunston on December 24, 1915, that under such bond for title she was to convey this property to Dunston upon the payment by him of the debt secured by his security deed, that said bond for title had been transferred by Dunston to Borders on November 2, 1922, that Borders had fully paid the amount of the secured debt, that the bond for title had been surrendered by him to her, and that in consequence of the premises she conveyed this property to Borders. The execution issued upon the judgment obtained by Smith against Dunston was levied on this house and lot; and Borders filed a claim. On the trial of the issue thus formed Smith contended that Borders did not get his title to this house and lot until after Smith obtained his judgment against Dunston; and that, if he got it previously thereto, his title was void because made to delay, hinder, and defraud Smith in the collection of his judgment. The jury found in favor of the claimant. A motion for a new trial was overruled, and the plaintiff excepted.

In the view we take of this case, a verdict in favor of the claimant was demanded. A security deed conveys the absolute title, and leaves the grantor no interest in the land which can be subjected to levy and sale by a creditor whose judgment was obtained after the deed was executed. Before such a levy and sale can be made, there must be a redemption of the property. Redemption can be accomplished only by payment of the secured debt in full. *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10); *Ramey* v. *Denny,* 133 *Ga.* 751 (66 S. E. 918); *Smith* v. *Fourth National Bank,* 145 *Ga.* 741, 743 (89 S. E. 762); *Virginia-Carolina Chemical Co.* v. *Wil-*

*liams,* 146 *Ga.* 482 (91 S. E. 543) ; *Dickenson* v. *Williams,* 151 *Ga.* 71 (105 S. E. 841) ; *Carllon* v. *Reeves,* 157 *Ga.* 602, 605 (122 S. E. 320). Without compliance with the above provision, a verdict in a claim case, where the vendee in the security deed or his assignee is the claimant, finding the property subject, would be contrary to law. *Black* v. *Gate City Coffin Co.,* 115 *Ga.* 15 (41 S. E. 259) ; *Sloan* v. *Loftis,* 157 *Ga.* 93 (120 S. E. 781). The above ruling makes it unnecessary to deal specifically with the assignments of error. *Judgment affirmed. All the Justices concur.*