## CARY *v.* SCARBOROUGH *et al.*

No. 8775. MAY 13, 1932.

*Lowndes Calhoun* and *M. Smith,* for plaintiff.

*J. Wilson Parker,* for defendant.

BECK, P. J. Misses Rosa and Cora Scarborough filed their petition in the superior court against L. A. Cary to foreclose a mortgage upon described realty, which had been executed and delivered to them by Cary, the mortgagor. The prayers were that the petitioners have a general judgment against the defendant for principal, interest, costs, and attorney's fees, that their mortgage be foreclosed and their mortgage lien be set up against the property, and that the equity of redemption therein be forever barred. This petition and process were duly served upon the defendant. A judgment in favor of the plaintiffs was rendered at the appearance term, and execution was issued thereon. The execution was levied upon the property covered by the mortgage, the property was sold, and the sheriff was proceeding to put the purchasers (plaintiffs in execution) in possession. Thereupon Cary filed a petition praying that the decree of foreclosure be set aside, that the Misses Scarborough and the sheriff be enjoined from dispossessing him, and that the sale be declared to be void. Upon the hearing the judge refused an injunction, and Cary excepted.

■ One ground upon which the plaintiff in error bases the contention that he is entitled to an injunction is that the court was without jurisdiction to render the judgment and decree foreclosing the mortgage at the return term. The court did not err in deciding the question raised by this contention adversely to the petitioner. The proceeding to foreclose the mortgage was a suit in equity. In *Bailey* v. *Lumpkin*, 1 *Ga.* 392, it was said, Justice Nisbet rendering the opinion of the court: "Our statute dispenses with the equitable proceeding, and gives a more easy, direct, and less expensive process of foreclosure at law. This legal mode is in lieu of the bill in chancery. This is therefore what we are in the habit of calling an equitable statute; it is not in derogation of the existing law, and therefore to be construed strictly; but it is declaratory of it, and remedial, and therefore to be construed liberally. It affirms the law of foreclosure, by providing a different remedy under it. The mortgagee, instead of being driven into a court of chancery to foreclose, is admitted at law to all the rights which he had before the statute, in equity, as to this subject-matter. Can we infer that the legislature intended to give this new and summary mode of foreclosure to the mortgagee, and not give equivalent rights of defense to the mortgagor? to create for the plaintiff an easy and rapid mode of foreclosure, and still hold the defendant to the necessity of going into a court of equity to assert his rights against it? The legislature intended to do no such iniquitous thing."

In our judiciary act of 1799 a statutory method of foreclosing mortgages was provided. This act to some extent superseded the common law, and litigants could not go then into a court of equity, without special equitable grounds, to foreclose a mortgage. But in 1881 the General Assembly of this State passed the following act (omitting the caption): "The General Assembly of the State of Georgia hereby enacts, that from and after the passing of this Act the holder of any mortgage of real or personal property, or both, whether as original mortgagee or as executor, administrator, or assignee of the original mortgage, shall be at liberty to foreclose such mortgage in equity according to the practice of courts of equity, as well as by the methods prescribed in the Code." Acts 1880-1, p. 127. And since the passage of this act this court has rendered several decisions dealing with the

question of the right of holders of mortgages to foreclose the same in equity. In *DeLay* v. *Latimer*, 155 *Ga.* 463, 469 (117 S. E. 446), it was said: "The effect of the act of 1880 was to open the door of equity again to parties wishing to foreclose mortgages. The holders of mortgages may now resort to equity for their foreclosure, without alleging any special grounds of equitable interference." See also *Blumenfeld* v. *Citizens Bank & Trust Co.*, 168 *Ga.* 327 (147 S. E. 581). This case differs in material respects from *Ford* v. *Tifton Guano Co.*, 144 *Ga.* 353 (87 S. E. 274). As this was an equitable suit, it falls within the provision of the Code, § 5421, relating to trial terms of cases in equity. See *Clay* v. *Banks,* 71 *Ga.* 363. By the provisions of that section of the Code, the court had jurisdiction to dispose of the suit for foreclosure at the return term of the court, by consent of the parties. In this case such consent was had. The defendant in the suit for foreclosure signed the following writing: "I hereby consent for a judgment to be rendered in this case at the February term, 1931, of Campbell Superior Court." And judgment was accordingly entered at that term, and the court had jurisdiction to render the same.

■ The ruling made in the second headnote requires no elaboration.

*Judgment affirmed. All the Justices concur, except Hines, J., absent for providential cause.*