## PENN MUTUAL LIFE INSURANCE COMPANY *v.* TROUP.

GILBERT, J. 1. Where an execution is levied on land, a third person not a party to such execution may file a claim based upon a security deed. *Achey* v. *Coleman,* 92 *Ga.* 745 (19 S. E. 710); *Protestant Episcopal Church* v. *Lowe Co.,* 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243); *Missouri State Life Insurance Co.* v. *Barnes Construction Co.,* 147 *Ga.* 677 (95 S. E. 244); *Decatur Bank & Trust Co.* v. *Arnold,* 156 *Ga.* 850 (120 S. E. 527).

2. "A judgment in favor of a plaintiff in execution against a claimant does not affect one to whom the latter had conveyed the property in dispute before the claim was filed, or one holding under such claimant's grantee." *Smith* v. *Coker,* 110 *Ga.* 654 (3) (36 S. E. 107). In this case the claimant's security deed was dated January 2, 1918, and recorded on January 24, 1918. The Shackelford claim was filed on April 21, 1922. The verdict and judgment in the claim case were dated November 24, 1924. Therefore that judgment was irrelevant and immaterial on the trial of the present claim case.

3. "The holder of any mortgage of real or personal property, or both, whether as original mortgagee or as executor, administrator, or assignee of the original mortgagee, shall be at liberty to foreclose such mortgage in equity according to the practice of courts in equitable proceedings, as well as by the methods prescribed in the Code." Civil Code (1910), § 3305; *DeLay* v. *Latimer,* 155 *Ga.* 463 (3), 469 (117 S. E. 446), and cit.; *Cary* v. *Scarborough,* 174 *Ga.* 837 (164 S. E. 199).

4. "The trial term of all causes for equitable relief shall be the second term after service has been perfected on all the parties. But parties to proceedings for equitable relief may, by consent, dispose of all equity cases at the first term, if service has been properly perfected." Civil Code (1910), § 5421. The "first term" is the "return term." *Cary* v. *Scarborough,* supra.

5. "The defendant may acknowledge service or waive process, provided the same be in writing signed by the defendant or some one authorized by him." Civil Code (1910), § 5561.

6. "The original petition shall be deposited in the clerk's office at least twenty days before the term to which it is returnable; *and if delivered within twenty days, the clerk shall make the same returnable to the next term thereafter.*" Civil Code (1910), § 5562. The judiciary act of 1799, from which this code section is taken, provided: "If any original civil process shall be taken out within twenty days of the next court, the same shall be made returnable to the next court to be held after the expiration of the said twenty days, and *not otherwise.* And all process issued and returned in any other manner than that hereinbefore directed

shall be and the same is hereby declared to be *null and void*.  Prince, 421." *Bank of St. Marys* v. *Mumford, 6 Ga.* 44, 51.

(*a*) The proceeding to foreclose the mortgage and to renew the dormant judgment was filed during the October term, 1920.  This proceeding was not filed in the clerk's office "at least twenty days before the term" to which it was returnable.  It was filed in court "within the twenty days;" consequently the first or return term for that case was the next term after the term during which the case was filed.  It is certain that the judgment was void for want of jurisdiction as to any other interested party.  A waiver by a defendant, under the Civil Code, §§ 5421, 5561, with reference to judgment at the first term, and waiver of process, did not affect the interest of third parties.

(*b*) Penn Mutual Life Insurance Company held legal title to the land by deed executed January 2, 1918.  The Dorminey mortgage was foreclosed more than a year subsequently, to wit, October 19, 1920.  The Penn Mutual Life Insurance Company was an interested party, and did not waive any of its legal rights.  The judgment in the foreclosure suit is void as against the rights of that company.

7. The court erred in admitting in evidence, as against the claim of Penn Mutual Life Insurance Company, the fi. fa. issued on the judgment rendered in the equitable foreclosure suit in Appling superior court, which has been held above to be void as against all parties except S. P. Troup.  The court also erred in overruling the motion to dismiss the levy of the same fi. fa. on the land in question, as against the claimant.  *Smith* v. *Borders,* 171 *Ga.* 742 (156 S. E. 690).

*Judgment reversed.  All the Justices concur, except Hill, J., absent because of illness.*

No. 9188.   August 8, 1933.

*Dasher & Carlisle* and *Shackelford & Shackelford,* for plaintiff in error.

*H. J. Lawrence,* contra.