CHEROKEE FERTILIZER COMPANY *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 10361. NOVEMBER 15, 1934.

*R. C. Jenkins, D. D. Veal, Joe A. Brown,* and *Little, Powell, Reid & Goldstein,* for plaintiff.

*M. F. Adams,* for defendants.

BELL, J. On January 26, 1932, Cherokee Fertilizer Company recovered in Putnam county court a judgment against H. T. Marshall, with a special lien against a described tract of land, dating from July 21, 1922, the debt having been secured by a deed executed by Marshall on that date to the Cherokee Fertilizer Company. An execution was issued upon this judgment, and was levied upon the property described therein. The Federal Land Bank of Columbia, South Carolina, filed a claim to the property and later filed an amendment alleging the facts upon which its claim of title was predicated. The plaintiff in fi. fa. demurred to this amendment, and its demurrer was overruled. The case, by consent, was tried before the judge without a jury, on an agreed statement; and the finding and judgment being in favor of the claimant, the plaintiff in fi. fa. excepted.

In our view of the case, the judgment should be affirmed, without reference to a number of questions discussed in the briefs of counsel, and we do not deem it necessary to discuss or state all of the questions which have been argued in the briefs. The claimant alleged and offered evidence to show the following facts: In the year 1919 the land in dispute was the property of H. T. Marshall. During that year he conveyed the land by a security deed to M. S. Shivers, who transferred and assigned the debt and security to John T. Dennis, who held the same in 1922. The debt and security later became the property of the Farmers & Merchants Bank. The debt was sued to execution, and a reconveyance was made for the purpose of levy and sale, after which the land was duly levied on and sold as the property of Marshall, the Farmers & Merchants Bank becoming the purchaser and receiving a sheriff's deed. This sale and conveyance by the sheriff occurred in October, 1925. The conveyances and transfers referred to above were all properly executed and duly recorded. The execution under which the land was sold to the Farmers & Merchants Bank was also properly issued and recorded. After the judicial sale by which the bank became the purchaser and owner of the property, H. T. Marshall

applied to the Federal Land Bank of Columbia for a loan with which to repurchase the land, and obtained a loan of $1300. "The Farmers & Merchants Bank having agreed to accept the net proceeds of said loan, and executed a deed to said Marshall, and to take a second security deed for the remainder of the purchase-money, simultaneously and as parts of the same transaction, on the 8th day of April, 1926, the Farmers & Merchants Bank delivered to said H. T. Marshall a warranty deed conveying said land to him, which deed was recorded April 10, 1926, in book L, page 481, and said Marshall executed a warranty deed to secure the said loan in favor of the Federal Land Bank of Columbia, which was recorded in book K, page 647, on April 10, 1926. Of the proceeds of the said loan, after paying for stock and expenses, the Farmers & Merchants Bank received $1167. . . The deed taken by plaintiff in fi. fa. specifically recited that it was subject and inferior to a deed to secure debt in favor of John T. Dennis, by which was meant the deed transferred by M. S. Shivers to said Dennis."

As indicated above, the bank acquired title to the property by what amounted to a foreclosure of the security deed made by Marshall to Shivers in 1919. The fertilizer company contended that although the lien of its execution was based upon a security deed executed to it by Marshall in 1922, which was subsequent in date to the security deed to Shivers under which the bank finally acquired title, the execution nevertheless became a first lien upon the property instantly upon the reacquirement of it by Marshall through the conveyance to him by the bank, and that the Federal Land Bank took its security upon the property subject to the lien of the execution and with no right of subrogation. It appeared from the evidence that the security deed from Marshall to the fertilizer company recited: "There is a prior lien upon the above-described land in favor of J. T. Dennis, for the principal sum of $1000." At the date of this deed Dennis was the holder of the title and rights conveyed by the prior security deed to Shivers, and this was evidently the matter referred to in the quoted recital.

We are of the opinion that the amendment to the claim affidavit was sufficient to withstand the plaintiff's demurrer, and that the evidence authorized the verdict in favor of the claimant. The lien of the plaintiff's execution was based upon the debt secured by a junior security deed. The property was finally sold under the

senior deed, and the equity of redemption divested. The person who was the grantor in each of these security deeds desired to repurchase the property, and actually did so. Under the facts of the case, we can not agree that the reacquisition of title by the grantor enured to the benefit of the junior grantee, so as to warrant the contention that its fi. fa., based upon the junior deed, became a first lien upon the property. The evidence authorized the inference that the claimant furnished the money with which the grantor repurchased the property, and did so in a single transaction wherein the owner of the absolute title reconveyed the property to such former grantor, who simultaneously executed a security deed conveying the property to the claimant as security for such loan. In these circumstances the reacquirement of the property did not operate to vest the title in such junior grantee; and decisions like *Hill* v. *O'Bryan,* 104 *Ga.* 137 (2) (30 S. E. 996), and *Isler* v. *Griffin,* 134 *Ga.* 192 (4) (67 S. E. 854), are inapplicable. Nor is it material that the claimant may not be entitled to subrogation. In such case the claimant should prevail under a rule which is different from subrogation, though involving perhaps a kindred principle, which rule has been stated by this court as follows: "Where land is conveyed by a vendor to a purchaser, who simultaneously conveys it to another as security for a loan of money used in discharging the purchase-price of the land, the two conveyances being parts of one transaction, the title passes through the borrower without being affected, as against the lender, by the lien of a judgment against the borrower which would have attached had the title remained in him." *Protestant Episcopal Church* v. *Lowe Co.,* 131 *Ga.* 666 (63 S. E. 136, 127 Am. St. R. 243). In the opinion in that case it was said: "Such mortgage is entitled to the same preference over a prior judgment as it would have had if it had been executed to the vendor himself, where it appears that all the acts of the parties are parts of one transaction. In its legal effect it is the same as though the purchaser had executed a mortgage to the vendor for the purchase-money, and [the vendor] had assigned it to the party advancing the money." In the present case the evidence may not have shown conclusively that all the acts of the parties were parts of one transaction; but under the facts and circumstances the trial judge was authorized to draw an inference to that effect. For other decisions recognizing the same principles,

716

see *Achey* v. *Coleman*, 92 *Ga.* 745 (19 S. E. 710) ; *Missouri State Life Insurance Co.* v. *Barnes Con. Co.*, 147 *Ga.* 677 (3) (95· S. E. 244) ; *Decatur Bank & Trust Co.* v. *Arnold*, 156 *Ga.* 850 (120 S. E. 527) ; *Lewis* v. *Banks*, 171 *Ga.* 188 (4) (154 S. E. 785). The amendment to the claim affidavit was not subject to the demurrer, and the evidence authorized the judgment in favor of the claimant.     *Judgment affirmed. All the Justices concur.*